MONTAGUE & COMPANY *v.* THE CHATTANOOGA, ROME AND
COLUMBUS RAILROAD COMPANY.

1. An action against a railroad company by a material man to enforce a statutory lien upon the railroad for the price of material sold, not to the company but to a contractor, is not amendable so as to charge the company as a debtor to the plaintiff for the value of the material as goods sold and delivered, or as goods of the plaintiff used and appropriated by the company in constructing its railroad. Such an amendment would introduce a wholly new and distinct cause of action.

2. In respect to the dismissal of the action after the proposed amendment was disallowed, the case is ruled by *Lombard* v. *The Trustees, etc.,* 73 *Ga.* 322, and *Castleberry* v. *Johnston,* 92 *Ga.* 499, 17 S. E. Rep. 772.    *Judgment affirmed.*

July 30, 1894.

Petition. Before Judge HENRY. Floyd superior court. September term, 1893.

The original petition was brought on July 21, 1888, against the railroad company, to foreclose a lien claimed by plaintiffs as material men, for culvert pipe used in the construction of the railroad, of the value of $165.40, furnished by them on March 5, 1888, to the Chattahoochee Brick Co., the contractor for building the road. In October, 1888, the railroad company pleaded not indebted, and denied that plaintiffs had any lien on the railroad. In January, 1890, plaintiffs filed an amendment which was allowed, making the brick company, a corporation domiciled in Fulton county, a party defendant, and alleging that said company had notice of the claim of lien, and in May, 1888, admitted its liability for the debt and promised to pay it, but had since refused to do so; that it had been paid by the railroad company largely more than this debt, in full settlement of the contract for the construction of the road, and either it had been paid the fund due plaintiffs and was holding it for their use, or the railroad company held the fund back in the final settlement and was holding it

for plaintiffs' use; that both companies knew, long before settlement, that the debt was due and that each of them was liable therefor, and yet each was seeking to evade it as if by common consent. The brick company was not served until January 27, 1891. It demurred for want of jurisdiction, it being a resident of Fulton county; and for want of a cause of action against it, and because the suit should have been brought within a year from the filing of the lien. Plaintiffs offered an amendment, alleging that if they were not entitled to have their lien established, as the railroad company received and appropriated the pipe to its own use, they are entitled to recover generally against it for the amount due, as in ordinary actions for debt on implied contracts; and they prayed that the suit be converted into an action for that purpose. This amendment was disallowed, and the action was dismissed on motion.

HENRY WALKER, for plaintiffs.

FOUCHÉ & FOUCHÉ and J. BRANHAM, for defendant.