HUDSON *v.* HUDSON, adm'r, and *vice versa.*

98 147
109 312
109 316

1. In all cases strictly in the nature of common law actions, which are referred to an auditor, it is the constitutional right of either party to have his exceptions of fact to the auditor's report passed upon by a jury, unless this right be expressly waived. The present case was an action of this kind.

2. Consenting to an order in such a case providing that the report of the auditor shall "be examined and pased upon in vacation" by the presiding judge, does not amount to a waiver of this right, nor empower the judge to try and decide the entire case without a jury, nor cut off a party who has filed exceptions' of fact to the auditor's report from having the same passed upon by a jury.

3. One who relies upon an alleged contract with a deceased person as a basis for recovery in an action against the latter's administrator, is not a competent witness to testify either as to transactions with the deceased relating to such contract, or as to his own knowledge of the correctness of accounts involved in the action which arose against the deceased while in life, at a time when he was insane.

4. Where the value of services in looking after a farm upon which there were tenants and croppers was a material matter of inquiry, evidence that such services were of some value ought not to have been excluded.

5. It is not improper for an auditor to file an alternative report, in which, after setting forth his own conclusions of law and fact, he further reports that if it should be adjudicated that he erred in certain specified particulars, such and such results would follow.

February 7, 1896.

Exceptions to auditor's report. Before Judge Clark. Rockdale superior court. April term, 1895.

*G. W. Gleaton* and *A. M. Helms,* for plaintiff.

*A. C. McCalla, J. N. Glenn* and *A. M. Speer,* for defendant.

ATKINSON, Justice.

1-2. The present case was an ordinary action at law, but under the pleadings filed, involved a settlement of complicated accounts. No equitable relief was prayed, or would

have been authorized by the pleadings. The cause was referred to an auditor; his report covered conclusions both of law and of fact. Exceptions of fact were filed, as well as exceptions of law. The party filing the exceptions did not expressly waive the right of trial by jury, but notwithstanding this, the court proceeded to determine all questions, both of law and fact, and found adversely to the plaintiff. He complains among other things of the action of the court in thus undertaking to determine the questions of fact presented by his exceptions, and we think his complaint is well founded. The case of *Poullain* v. *Brown, administrator*, 80 *Ga.* 27, seems conclusive of the proposition, that in all cases involving the prosecution of only common law remedies, and which are referred to an auditor, it is the constitutional right of either party to have his exceptions of fact passed upon by a jury. It was urged in reply to this, that the plaintiff had waived his right of trial by jury upon these questions of fact; and it was attempted to support this contention by showing that the plaintiff had consented to an order made in term time, in which it was provided that the report of the auditor shall "be examined and passed upon in vacation" by the presiding judge. We do not think that a consent to such an order amounts to a waiver of trial by jury, or can be construed into consenting that the judge shall try and determine the questions of fact without the intervention of a jury. That order might properly have referred to that other duty devolving upon the trial judge, which requires that upon return of exceptions to an auditor's report, he shall be required to pass upon, examine and classify the questions made into two distinct classes, that is to say, stating which exceptions in his judgment present mere matters of law, and which present questions of fact; and having thus classified the questions, it becomes his duty to determine the matters of law, submitting to the jury the matters of fact. Inasmuch as the consent order might have been properly

referred to the exercise of this power and duty by the circuit judge, saving to the party excepting his right of trial by jury, a construction of it which imports into the order another significance, the effect of which is to deprive the party of this important right, should not have been adopted; and we consequently hold, that consenting to such an order is not equivalent to a waiver of trial by jury upon the questions of fact made in the case.

3-4. The propositions stated in the 3d and 4th head-notes do not require further elaboration.

5. We do not think it a good reason for the suppression of the report of an auditor, that he failed to find absolutely upon each of the matters of law and fact to which his report related. Where he states the facts found by him and states a conclusion reached by him from such facts, and further states that if this conclusion be incorrect, then another consequence would result than that indicated in his first finding, the report is sufficient; and the court, upon consideration of the exceptions, may correct any improper finding of the auditor, or adopt either of the alternative results suggested by the report, provided they are sustained by law.

*Judgment reversed.*