## RYALS *v.* SMITH & SIMPSON.

Where an action was expressly brought to foreclose and enforce a materialman's lien, and the petition therein contained no prayer for any relief except that "said lien . . be set up and established," a verdict finding generally in the plaintiff's favor a designated amount and a judgment

following the same, but neither of them in any manner referring to the lien described in the petition, were unauthorized and therefore contrary to law.

Argued December 4, 1897. — Decided January 10, 1898.

Foreclosure of lien.　Before Judge Berry.　City court of Atlanta.　March term, 1897.

*P. F. Smith* and *R. R. Shropshire*, for plaintiff in error.
*John F. Methvin*, contra.

LUMPKIN, P. J.　An action was brought by Smith & Simpson, as materialmen, against Mrs. Laura Ryals, as owner of certain land, and A. E. Love, a contractor, for the purpose of foreclosing a lien claimed by the plaintiffs for materials furnished to Love and used by him in constructing for Mrs. Ryals a house upon the land above mentioned.　An examination of the petition shows conclusively that it was expressly filed for the purpose stated, and no other.　It contains the averments usually made in a proceeding of this character, and prays for no relief except that the petitioners' lien on the house and land "be set up and established."　It may therefore be safely asserted that this petition could in no sense be treated as a general action for the recovery of money due upon an account, and can only be regarded as a distinct statutory proceeding for the foreclosure of a materialman's lien.　The jury returned a verdict finding for the plaintiffs a specified sum as principal and another sum as interest, and judgment was entered accordingly.　There was neither in the verdict nor the judgment any reference whatever to a lien of any description.　The defendant's motion for a new trial alleges that the verdict is contrary to law and the evidence, and to a certain portion of the charge of the court.　In our opinion, the trial judge erred in overruling this motion.

Section 2815 of the Civil Code, under which the action was instituted, declares in the plainest terms that "if the lien is allowed, the verdict shall set it forth, and the judgment and execution be awarded accordingly."　We do not, therefore, see how it is legally possible for this verdict to stand.　We order a new trial the more readily because it would seem from the scope covered by the evidence that the case was really tried as if it

had been an action upon an open account, the payment of which, according to the plaintiffs' contention had been assumed by Mrs. Ryals, and against whom, apparently for this alleged reason only, a recovery by the plaintiffs was asked.

*Judgment reversed. All the Justices concurring.*