### UNITED PAINTING AND DECORATING COMPANY *v.* DUNN.

FISH, C. J. An owner of land entered into a written agreement with a contractor, under the terms of which, for a consideration of $5,400, the latter was to furnish all material and labor and to erect upon the land of the owner a building in accordance with specifications prepared by a named architect. Among other stipulations in the agreement were, in substance, the following: the architect should supervise the work and see that it came up to the specifications; his decision as to the meaning of the drawings and specifications prepared by himself should be final; no alterations should be made in the work except upon his written order, and the amount to be paid by the owner to the contractor on account of such alterations should be stated in such order; within twenty-four hours after written notice from the architect the contractor should proceed to remove from the ground or building all material condemned by the architect, whether worked or unworked, and take down all work which the architect should, in written notice to the contractor, condemn as unsound or improper, or as in any way failing to conform to the drawings and specifications; and upon the failure of the contractor to perform certain specified conditions of the contract, the owner should have the right to take charge of the work and complete it at his own expense and charge the contractor with all expenses thereby incurred. On the same day that the contract was executed a further stipulation was added under the signature of the parties, as follows: "It is further mutually agreed between the parties hereto, that the above price is a guarantee that the cost of the house complete will not exceed this amount of money, namely $5,400.00, and the bond is given to insure said guarantee. The contractor is to give the owner credit for any amounts which he may save in the construction of the building and in buying materials, etc. He is to furnish his service in the execution of the work for the sum of ten per cent. of the total cost, said ten per cent. being included in the $5,400.00, contractor to furnish architect with amounts of subcontracts and price paid for different materials and labor." *Held,* that, under a proper construction of the whole contract as thus amended, the contractor was an independent contractor and in no sense the agent of the owner for the purpose of buying materials with which to complete the construction of the building, and the owner was not liable to a creditor of the contractor for the price of materials sold to him for such purpose. *Ridgeway* v. *Downing,* 109 *Ga.* 591 (34 S. E. 1028); *Young* v. *Smith & Kelly Co.,* 124 *Ga.* 475 (52 S. E.

765) ; *Lampton* v. *Cedartown Co.*, 6 *Ga. App.* 147 (64 S. E. 495) ; and citations in these cases; 2 Thompson on Negligence, § 41.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*

JANUARY 9, 1912.

Complaint. Before Judge Bell. Fulton superior court. September 20, 1910.

*Payne, Little & Jones,* for plaintiff.
*Mayson & Johnson,* for defendant.