21255. HUMPHREYS *v.* DODGE COUNTY LUMBER COMPANY.

BELL, J. 1. As appears from the auditor's report as amended, he did not (as contended by the plaintiff in error) construe the petition as an action for damages for failure to accept and pay for goods according to contract, but the auditor correctly construed the action as one to recover the purchase-price of goods sold and delivered by the plaintiff and accepted by the defendant. Cf. *Mack* v. *Pardee,* 39 *Ga. App.* 310 (147 S. E. 147).

2. The breach of an executory contract for the purchase of goods will not support an action on account for the price thereof, but the vendor's remedy is a suit for damages for the breach. Under the evidence in this case, the auditor was authorized to find that the goods were never delivered, but were merely tendered and refused, and that the suit for the purchase-price, as in an executed sale, was not maintainable. *Oklahoma Vinegar Co.* v. *Carter,* 116 *Ga.* 140 (2) (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112).

3. The judge of the superior court, to whom the case was submitted for trial without a jury, having approved and sustained every finding of fact made by the auditor, at least one of which, if correct, required the judgment in favor of the defendant, it is immaterial that some other finding by the auditor might have been subject to the exception that it was contrary to the evidence and without evidence to support it. "In the case of an auditor's report on the facts, the reversal of the auditor's finding on any special issue may not have the effect of setting aside the whole report, but a decree may be entered in accordance with the various findings of fact." *Cureton* v. *Cureton,* 120 *Ga.* 559 (2), 566 (48 S. E. 162).

4. The exceptions to the auditor's ruling in admitting certain evidence over objection, and to the judge's approval of such ruling, have not been insisted upon by brief or argument in this court, and are therefore treated as abandoned.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 18, 1932.

*Lawson & Ware,* for plaintiff in error.
*J. H. Milner, W. A. Wooten,* contra.