ROBINSON *et al.* v. REESE *et al.*
ROBINSON *et al.* v. WILLIAMS *et al.*

Nos. 8114, 8115. AUGUST 15, 1932.
REHEARING DENIED SEPTEMBER 26, 1932.

*Aaron Kravitch,* for plaintiffs in error.

*Travis & Travis, Ulmer & Dowell, Andrew J. Ryan Jr.,* and *Ernest J. Haar,* contra.

BELL, J.   S. Robinson as owner entered into a contract with W. A. Lewis for the construction of a building.   Williams & Guerry sold and delivered to Lewis materials of the value of $3693.74, which were used in the construction of the building, and in due time filed a materialman's lien against the real estate.   The legal title to the property was in E. Robinson, the father of S. Robinson, on whose authority the building was constructed.   The present case arose upon the suit of Williams & Guerry to recover a judgment against Lewis as an alleged contractor, and to foreclose their materialman's lien as against both S. Robinson and E. Robinson.   The suit was in equity, and the plaintiff alleged facts to show that as between the parties to the litigation the real estate should be treated as the property of S. Robinson, notwithstanding the legal title was in E. Robinson.

A similar action was instituted by A. F. Reese as a materialman. Both actions were defended by the Robinsons upon the ground that S. Robinson as owner had paid the full amount of the contract price in extinguishment of valid claims for material and labor employed

in the construction of the building.   Cf. *Jones Brick Co.* v. *Seagler,* 146 *Ga.* 19 (90 S. E. 473).   The two cases were consolidated and referred to an auditor.   The auditor's findings were adverse to the defendants, and S. Robinson filed various exceptions to the auditor's findings of fact and to his conclusions of law.   The judge of the superior court refused to approve the exceptions of fact and over-ruled the exceptions of law, and entered decrees establishing the separate liens as claimed by the plaintiffs respectively.   S. Robin-son and the executors of E. Robinson, who died pending the litiga-tion, then brought bills of exceptions to this court, complaining of these judgments separately as to each of the plaintiffs.   The two cases may be considered together.

■   S. Robinson excepted to the refusal of the court to recommit the case to the auditor, upon the grounds that the auditor (1) "erred in his findings of fact," (2) "erred in his findings of law," (3) "erred in his findings of calculation;" and (4) "erred in mak-ing allowances and disallowing credits to the defendant S. Robin-son."   This motion was too general and indefinite in stating grounds for a recommitment to the auditor.   *McCord* v. *Jackson,* 135 *Ga.* 176 (69 S. E. 23).

■   In the report of his rulings the auditor stated that he allowed an amendment to each petition, over objections made by S. Robin-son and "set forth in a written objection filed by him with the auditor on May 7, 1931, and which the auditor files with his report as a part of the record and of his report."   The record in this court does not contain such a document as the "written objection" thus described.   The amendments appear in the record and contain aver-ments to the effect that S. Robinson had materially altered the con-tract between himself and the alleged contractor, and had as to Williams & Guerry deceived them by inducing them to withhold the recording of their liens until after other claims had been paid. The following is a copy of the exception to the auditor's report as respects the allowance of the amendment to the petition of Williams & Guerry:   "On May 7, 1931, Williams & Guerry tendered an amendment to their petition, which the defendant S. Robinson ob-jected to upon the grounds set forth in a written objection filed by him with the auditor on May 7, 1931, and which proposed amend-ment and objection thereto, hereto specifically referred to and in-corporated, is part of the exception filed to the ruling of the auditor.

Over these written objections the auditor allowed said amendment. The defendant S. Robinson excepts to the allowance of said amendment, and says that the auditor erred in allowing said proposed amendment; said action on the part of the auditor being erroneous and contrary to law, for the reasons set forth in the written objections, and on the ground that said amendment was not germane to the original suit, was undertaking to change the cause of action, was without evidence to support the same, was filed after the case had been closed and all of the evidence submitted and arguments called for; and because the plaintiff, having elected to bring an ex contractu action, was estopped from changing his cause of action. The defendant S. Robinson therefore asks that these his exceptions of law to said ruling be inquired into, and that the ruling of the auditor in this respect be reversed and the amendment tendered ordered stricken as part of the record in said cause." A similar exception was made with respect to the amendment allowed to the petition of the plaintiff Reese.

The trial judge did not err in overruling these exceptions to the auditor's report. While the exceptions contained arguments as to why the amendments should not have been allowed, the record fails to show what objections were urged at the time the amendments were tendered. These objections could not be enlarged by including other and additional objections in the exceptions to the auditor's report, because in passing upon these exceptions the court should consider only such objections as were shown to have been made at the time the amendments were offered or before they were allowed. *Burdette* v. *Crawford,* 125 *Ga.* 577 (54 S. E. 677); *McCowan* v. *Brooks,* 113 *Ga.* 532 (4) (39 S. E. 115); *White* v. *Little,* 139 *Ga.* 522 (2) (77 S. E. 646). Even if the document referred to as the "written objection" had been shown in the record, the exceptions to the auditor's report as described above should not be considered by this court unless the document were attached to and made a part of the exceptions which were predicated thereon. Exceptions to an auditor's report ought not to refer the court from one part of the record to another to discover what was ruled, and the exceptions should be complete within themselves. *Loyd* v. *Camp,* 172 *Ga.* 510 (158 S. E. 40).

Numerous other exceptions to the auditor's report complain of alleged errors by the auditor in the admission of testimony. The

only statement in the auditor's report with respect to the admission of evidence over objection by S. Robinson was contained in paragraph 9 of the "statement of rulings," and was as follows: "The objections made by S. Robinson on page 11 of the stenographic report of the evidence taken Thursday afternoon, April 9, 1931, and on page 12 thereof, are sustained. All objections made by S. Robinson, appearing on pages 78, 97, 98, 140, 199, 200, 209, 210, 211, 213, 214, 221, 222, 223, and 224 of the stenographic report of the evidence, are sustained. All other objections to the evidence made by S. Robinson are overruled." The various exceptions to the admission of testimony were not verified by the auditor, and it is not reasonably possible to verify them by this report. Accordingly, these exceptions can not be considered. Civil Code, § 5136; *Waycross Air-Line R. Co.* v. *Offerman & Western R. Co.,* 119 *Ga.* 983 (47 S. E. 582). See also, in this connection, *Baxter* v. *Camp,* 126 *Ga.* 354 (4) (54 S. E. 1036).

■ In paragraph 27 of the auditor's findings of fact he reported as follows: "The auditor finds that immediately after the execution of the contract for the erection of this building in December, 1928, and at all times thereafter, S. Robinson and W. A. Lewis disregarded those terms of the contract which made W. A. Lewis an independent contractor. S. Robinson took over the management of the work being done under the contract. He directed W. A. Lewis when to hire and fire laborers and workmen. S. Robinson gave W. A. Lewis directions as to when and where to obtain the material to go into the building. S. Robinson purchased a large part of this material himself, and furnished it to Lewis. Some of the material that went into the building was purchased by S. Robinson through W. A. Lewis as his agent. The provisions of the contract in regard to advances for labor were completely disregarded. Robinson kept a time-book showing the work each laborer did. He paid the laborers each week through Lewis as his agent. He paid Lewis wages as a foreman on the job. These conditions continued throughout the entire period the building was being erected, and in fact Lewis was nothing more than a foreman. The relation of master and servant in fact existed between Robinson and Lewis. The auditor finds that as a fact from the time of the commencement of the building until the time of its completion W. A. Lewis acted solely as the servant of S. Robinson, and not as an independent contractor." S.

Robinson excepted to this part of the report, upon the following grounds: "Because there is no testimony to sustain said findings; and for the further reason that the auditor, without any legal right and without pleadings of any kind to sustain him, undertook upon his own initiative to raise the theory of a mutual disregard of the contract between Lewis and Robinson, thereby setting aside entirely the contract in question and leaving Robinson entirely unprotected, which finding of the auditor was inconsistent with the auditor's original premise as expressed in findings of fact one through twenty that there was an actual valid existing contract upon said premises up to and including April 17, 1929, and the auditor's finding in conclusion of fact 19 that Lewis and Robinson entered into an agreement marked Exhibit 46 on April 17."

We can not agree that there was "no testimony to sustain said findings." On the contrary, each of these findings was amply supported by evidence. In an equity case there is no error on the part of the trial judge in refusing to approve an exception of fact to an auditor's report, where the evidence is sufficient to support the finding as made by the auditor. *Bacon* v. *Bacon,* 161 *Ga.* 978 (2) (133 S. E. 512). There is no merit in the criticism that the auditor "undertook upon his own initiative to raise the theory of a mutual disregard of the contract between Lewis and Robinson" for the construction of the building by Lewis. If the auditor was right, it is immaterial that he acted upon his own initiative, and it is not true that there were "no pleadings of any kind to sustain him." In view of what is stated in the next preceding division, all evidence must be treated as having been admitted without objection. "Evidence admitted without objection, which supports what is in fact the same cause of action, although it might have been excluded on objection, may be sufficient to authorize a recovery, if, under the facts of the case, the petition could by amendment have been so conformed to the proof as to render such testimony relevant." *Napier* v. *Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579). If the petition was not adjusted to the evidence upon which these findings were predicated, it could have been amended to include the scope of such testimony. That these findings of fact by the auditor were inconsistent with other findings was not a valid ground of objection. "It is not improper for an auditor to file an alternative report, in which, after setting forth his own conclusions of law and fact, he further reports

that if it should be adjudicated that he erred in certain specified particulars, such and such results would follow." *Hudson* v. *Hudson,* 98 *Ga.* 147 (5) (26 S. E. 482) ; *Borders* v. *Vance,* 134 *Ga.* 85 (2) (67 S. E. 543).

The auditor reported the following conclusion of law as applicable to the findings of fact referred to in the preceding division : "The defendant attempts to defeat the liens of William & Guerry and A. F. Reese by showing that he paid the full contract price. Under section 3352(2) of the Code, when an independent contractor erects a building the owner may defeat liens by showing that he had paid in good faith the full amount of the contract price in discharge of valid liens against the premises. The auditor finds, however, that this section only applies when the building is erected by an independent contractor in fact as well as in name, and that in this case there was no independent contractor so far as these two materialmen are concerned. S. Robinson was the undisclosed principal of Lewis. The liens are good under the first paragraph of section 3352 of the Code. The second paragraph of that section, therefore, does not apply." S. Robinson excepted to this portion of the report, upon various grounds, none of which contained merit. The auditor stated a correct principle of law, from which in view of his findings of fact a decree establishing and foreclosing the liens claimed by the materialmen necessarily followed. If Lewis was not an independent contractor, but was the mere agent or servant of the owner, and if the materials were purchased either by the owner himself or by Lewis as agent of the owner as undisclosed principal, the materialmen would be entitled to foreclose their liens against the real estate, irrespective of the amounts which the owner may have paid to others for labor and material; and in such a case the defense which was sought to be asserted by the defendants would not be available. This proposition is well supported by the decision of the Supreme Court of North Carolina in N. C. Lumber Co. *v.* Spear Motor Co., 192 N. C. 377 (135 S. E. 115). See also *Davis* v. *Starrett,* 39 *Ga. App.* 422 (147 S. E. 530). Both of these cases were cited by the auditor in support of his conclusions. In Blake *v.* Pitcher, 46 Md. 453, in a proceeding by P. & W. to enforce a lien upon houses built for B. as owner by H. as contractor, the court held as follows: "1st. That if the bricks were furnished for the houses with the privity and consent of the owner, and were used in the erec-

tion of his buildings, it was no defense to the action that the owner bought the said bricks for the contractor H., and paid H. for the same; or that the said bricks were not furnished by the plaintiffs in pursuance of a contract with the owner; or that said bricks were sold by the plaintiffs to H., not in the capacity of architect, builder, or contractor for the houses, but merely as a manufacturer or seller of bricks. 2nd. That if H. was the agent of B. for the purchase of bricks from P. & W., it was immaterial whether or not he occupied also the relation of contractor for building the houses, or contractor for furnishing the bricks." See further, in this connection, *United Painting &c. Co.* v. *Dunn,* 137 *Ga.* 307 (73 S. E. 492) ; *Quinan* v. *Standard Fuel Co.,* 25 *Ga. App.* 47 (102 S. E. 543) ; *Zurich General Accident Ins. Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173) ; *Mount* v. *Southern Ry. Co.,* 42 *Ga. App.* 546 (156 S. E. 701).

■ Under the foregoing rulings the judgment of the court below can not be disturbed, and this is true irrespective of any possible merit in other exceptions to the auditor's report. The findings of fact and of law upon which we plant our decision were not affected by any other findings or rulings by the auditor. In *Cureton* v. *Cureton,* 120 *Ga.* 559 (2), 566 (48 S. E. 162), this court held as follows: "In the case of an auditor's report on the facts, the reversal of the auditor's finding on any special issue may not have the effect of setting aside the whole report, but a decree may be entered in accordance with the various findings of fact." The trial judge "having approved and sustained every finding of fact made by the auditor, at least one of which, if correct, required the judgment . . , it is immaterial that some other finding by the auditor might have been subject to the exception that it was contrary to the evidence and without evidence to support it." *Humphreys* v. *Dodge County Lumber Co.,* 44 *Ga. App.* 595 (3) (162 S. E. 409).

It follows from what has been said that the judgment of the court below should be affirmed in each case.

· *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

BELL, J. The ruling stated in the fourth division of the opinion, to the effect that the petition could have been amended as therein indicated, is attacked upon the ground that such an amendment would have added a new and distinct cause of action. The case of *Montague* v. *Chattanooga &c. R. Co.,* 94 *Ga.* 668 (21 S. E. 846), is

cited in the motion for a rehearing. In that case it was held that an action by a materialman against a railroad company to enforce a statutory lien upon the railroad for the price of material sold, not to the company but to a contractor, is not amendable so as to charge the company as a debtor to the plaintiff for the value of the material as goods sold and delivered, or as goods of the plaintiff used and appropriated by the company in constructing its railroad. By the amendment there in question the plaintiff sought to recover generally against the railroad company for the amount due, as in ordinary actions upon implied contracts, and prayed that the suit be converted into an action for that purpose. It was held that such an amendment would introduce a wholly new and distinct cause of action. To the same effect, see *George W. Muller Bank Fixture Co.* v. *Georgia State Savings Asso.*, 143 *Ga.* 840 (85 S. E. 1018). In the present case we did not hold that the petition could have been amended so as to recover a judgment in personam against the owner of the real estate for the value or price of the materials sold, and therefore our ruling as to the amendability of the petition was not in conflict with either of the decisions just referred to. So far as the defendant owner was concerned, the petition was a mere suit to foreclose a lien upon the real estate improved, and an amendment confined only to the right of foreclosure, even though it might have varied the facts touching the sale of the materials as indicated in the original decision, would not have been objectionable as adding a new and distinct cause of action. The auditor did not allow a personal judgment against the owner of the real estate, but simply permitted a foreclosure of the lien, upon the theory that the materials were purchased, not by an independent contractor as alleged in the petition, but by the same person as agent of the owner.

In a suit to foreclose a lien for materials furnished to a contractor, a judgment against the contractor for the price or value of the materials is a condition precedent to a judgment foreclosing a lien against the real estate. *Griffin* v. *Gainesville Iron Works,* 144 *Ga.* 840 (2) (88 S. E. 201) ; *Hood Brick Co.* v. *Mangham,* 161 *Ga.* 457 (131 S. E. 172). But where the materials are furnished, not to a contractor, but to the owner either directly or through an agent, the materialman upon complying with the other necessary conditions may have a judgment of foreclosure, without seeking a judgment in personam against any one. Compare *Evans* v. *Rounsa-*

*ville,* 115 *Ga.* 684 (42 S. E. 100) ; *Camp* v. *Young,* 119 *Ga.* 981 (47 S. E. 560) ; *Chamlee Lumber Co.* v. *Crichton,* 136 *Ga.* 391 (71 S. E. 673) ; *Parish* v. *Murphy,* 51 *Ga.* 614; *Lombard* v. *Trustees,* 73 *Ga.* 322. The provision of law to the effect that in order to establish and foreclose a materialman's lien upon real estate the party claiming such lien must commence an action for the recovery of the amount of his claim within twelve months from the time the same shall become due (Park's Code, § 3353) relates only to an action against the contractor, so far as recovery of a personal judgment is concerned. *Buck* v. *Tifton Mfg. Co.,* 4 *Ga. App.* 695 (62 S. E. 107). If materials are sold to an owner either directly or through another as his agent, the materialman may, upon proper pleadings and evidence, obtain a personal judgment against the owner for the price or value of such materials, but the materialman is not obliged to seek or obtain such a judgment in order to maintain foreclosure proceedings. Civil Code (1910), § 10; *Ryals* v. *Smith,* 102 *Ga.* 768 (29 S. E. 968). The statements made above as to the rights of the materialman will apply to each of the plaintiffs in the consolidated action. It follows that each petition was entirely adequate to support the findings of the auditor and the decree of the trial court upon which the original decision by this court was predicated.

The auditor found that the plaintiffs were entitled to personal judgments against the codefendant originally sued as the contractor, and it is contended that in view of this finding the plaintiffs should not have a foreclosure of the liens against the real estate, upon the theory that the person thus sued as contractor was in fact a mere agent of the owner. Under the facts appearing in the record, there is no merit in this contention. As stated in the original decision, the auditor may file an alternative report. The fact that the plaintiffs were awarded personal judgments against another party can not hurt the plaintiffs in error. The party against whom these judgments were rendered is not complaining.

Other questions are argued in the motion for a rehearing, but these were fully covered in the decision previously filed.

*Rehearing denied. All the Justices concur.*