STATE REVENUE COMMISSION *et al. v.* CARR
CONSTRUCTION COMPANY.

No. 9232.   SEPTEMBER 14, 1933.   REHEARING DENIED SEPTEMBER 26, 1933.

*W. K. Meadow* and *Boyd Sloan, assistant attorneys-general,* and
*John A. Smith,* for plaintiffs in error.
*Haas & Gambrell* and *William Wallace Lyons,* contra.

ATKINSON, J.   A suit was instituted by Carr Construction Company against the State Tax Board (subsequently changed to State Revenue Commission) and the members thereof, to set aside and enjoin enforcement of an assessment of "gross receipts" for taxation, made under the provisions of the act approved August 29, 1929 (Ga. L. 1929, p. 103), entitled "An act to provide for the raising of public revenue by a tax upon the privilege of engaging in certain occupations," etc., on the ground that the tax assessed was upon the basis of gross amounts turned over to petitioner by the owner of the construction projects, whereas the tax should be assessed upon the basis only of petitioner's compensation for services rendered.   In paragraph 15 the facts relied on for basis of the relief sought are alleged as follows:   "(a)   Petitioner is a builder, operating during the taxable period exclusively on a cost plus basis. (b) Petitioner enters into a contract with the owner of real estate for the erection of a building.   This contract provides that the owner shall pay all costs of labor and material, and that petitioner's fee for services shall be an agreed percentage of the total cost of the building.   (c) At the commencement of work, petitioner takes from the owner a deposit sufficient to cover whatever items of expense may accrue from time to time.   As work progresses, petitioner orders materials for the job, and when the invoices are presented to petitioner it presents them to the owner and receives funds with which to pay them.   Pay-rolls are paid out of the deposit received from the owner at the beginning of the job, and this deposit is reimbursed by the owner from time to time.   (d) On no occasion during the taxable period did pay-rolls or any drafts on this deposit exceed the amount thereof.   In no case were any invoices or pay-rolls paid by petitioner out of its own funds.   These were always met out of funds secured from the owner before they were paid, or out of the deposit required from the owner before the job is commenced.   (e) In addition to the above, the agreed percentage of fee is added to each invoice when it is presented to the owner, so that there is a constant income to petitioner while work is in progress with which to defray office expenses.   (f) Petitioner does not at any time, from the beginning to the completion of the job, employ any of its own capital in the work."

The pertinent provisions of the act of 1929, supra, are:   Section 1 declares, in part:   "The term 'gross receipts' means the value

proceeding or accruing from the sale of tangible property (real or personal), or service, or both, and all receipts, actual or accrued, by reason of the investment of the capital of the business engaged in, including interest, discount, rentals, royalties, fees, or other emoluments, however designated, and without any deduction on account of the cost of property sold, the cost of materials used, labor costs, interest or discount paid, or any other expense whatsoever, and without any deductions on account of losses." Section 4 declares, in part: "That upon every person engaging or continuing within this State in the business of selling any tangible property whatsoever, real or personal, there is likewise hereby levied, and shall be collected, a tax equivalent to two mills on the dollar of the gross receipts of the business." Section 7 declares, in part: "Upon every person engaged or continuing within this State in any and every business not included in the preceding sections there is levied and shall be collected a tax equal to two mills on the dollar of the gross receipts of any such business." Construing the petition most strongly against the pleader, the facts alleged do not amount to a charge that the plaintiff was acting merely as agent of the owner of the construction projects. See *United Painting & Decorating Co.* v. *Dunn,* 137 *Ga.* 307 (73 S. E. 492). Thus construing the petition, it fails to allege ground for the relief sought; and the judge erred in overruling the general demurrer. This error rendered all subsequent proceedings nugatory.

*Judgment reversed. All the Justices concur, except Gilbert, J., who dissents.*