## GRIFFITH *v.* MOORE *et al.*

ATKINSON, Presiding Justice. 1. In an equity case it is not error for the court to refuse to approve an exception of fact to an auditor's report, where there is sufficient evidence to support the finding of the auditor. *Robinson* v. *Reese*, 175 *Ga.* 574 (4) (165 S. E. 744).

2. " It is not improper for an auditor to file an alternative report, in which, after setting forth his own conclusions of law and fact, he further reports that if it should be adjudicated that he erred in certain specified particulars, such and such results would follow." *Hudson* v. *Hudson*, 98 *Ga.* 147 (5) (26 S. E. 482); *Borders* v. *Vance*, 134 *Ga.* 85 (2) (67 S. E. 543).

3. This being a suit against a bank and two partnerships, for equitable relief including an accounting for a ·stated number of bales of cotton alleged to have been delivered to a common agent of the three defendants, with instruction to sell the same at the then prevailing prices and apply the proceeds to debts due to such defendants by the plaintiff, but which cotton the agent did not sell until a decline in price; and the defendants having contended that the cotton was delivered in pledge and without such instruction, and the auditor having found in favor of the defendants on the issue thus made; *held*, that the evidence, though conflicting, was sufficient to support the finding of the auditor, and the judge did not abuse his discretion in refusing to approve the exceptions of fact as filed by the plaintiff.

4. Under the record as presented, the ruling last stated will control the entire case adversely to the plaintiff, so far as questions of fact are concerned. See *Humphreys* v. *Dodge County Lumber Co.*, 44 *Ga. App.* 595 (3) (162 S. E. 409).

5. The plaintiff's suit having been brought on the theory that the cotton was delivered to the agent of the defendants with instruction for immediate sale, and that the defendants were liable to account therefor at the prices then prevailing, the auditor did not err in not allowing an amendment in which the plaintiff sought "a decree that the title to the cotton is still in the plaintiff, and that the plaintiff have a verdict for the cotton." The amendment was repugnant to the original petition, and sought to add a new and distinct cause of action. *Harden* v. *Lang*, 110 *Ga.* 392, 395 (36 S. E. 100); *Brand* v. *Power*, 110 *Ga.* 522 (2) (36 S. E. 53); *Horton* v. *Smith*, 115 *Ga.* 66 (41 S.· E. 253); *Bacon* v. *Moody*, 117 *Ga.* 207 (43 S. E. 482); *Trust Company of Georgia* v. *Scottish Union & National Ins. Co.*, 119 *Ga.* 672 (46 S. E. 855); *Timmer-*

*man* v. *Stanley,* 123 *Ga.* 850 (2) (51 S. E. 760, 1 L. R. A. (N. S.) 379); *Adams* v. *Johnson,* 182 *Ga.* 478 (185 S. E. 805).

6. The assignment of error that the court erred in making the findings of the auditor the judgment of the court, for the reason that "the judgment of the auditor amounts to nothing, in that the auditor did not find anything and made no decision to be made the judgment of the court," appears, upon a consideration of the auditor's report, not to be well taken.

7. The judge did not err in refusing to approve the exceptions of law and of fact to the auditor's report, and in making that report the judgment of the court. *Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., and HUTCHESON, J., who dissent from the ruling in division 5, and from the judgment.

No. 11944. DECEMBER 3, 1937.

*E. S. Griffith* and *Boykin & Boykin,* for plaintiff.
*Walter Matthews* and *Edwards & Edwards,* for defendants.