33461, 33462.   FITTS *v.* ADDIS; and *vice versa.*

DECIDED APRIL 6, 1951.

*Mitchell & Mitchell,* for plaintiff in error.
*Robert R. Tisdale, Thomas T. Purdom,* contra.

FELTON, J.   1.   The special ground of the motion for a new trial alleges that the court erred in charging the jury that they should disregard the defense of the owner's having an affidavit from McIver, the alleged contractor, to the effect that all bills for materials and labor used in the construction of the house had been paid, because such an affidavit only affords protection to an owner who has a definite price contract with a contractor, and that the contract between the defendant and McIver was not

such a definite price contract. We do not decide whether or not the court's charge was legally correct, as an abstract principle of law; because, right or wrong as an abstract principle of law, it in fact did not harm the defendant. The charge, if it was error, would have been harmful to the defendant only if the finding of the relationship of independent contractor and owner between McIver and the defendant had been demanded, or if the existence of such relationship had been a question of fact for the jury. The relationship created by the contract between McIver and the defendant was that of master and servant or principal and agent. The contract, entitled "a cost of the work plus a fee contract," provided substantially as follows: Article 1. The contractor agrees to provide all the labor and materials and to do all things necessary for the proper construction and completion of the work. Article 4. In consideration of the performance of the contract, the owner agrees to pay the contractor as compensation for his services under the contract $3200, paid monthly as work progresses with 10% retained by the owner until final completion, full payment being made on completion of work. Article 5. The owner agrees to reimburse the contractor all costs necessarily incurred for the proper prosecution of the work *and paid directly by the contractor*, such costs to include all labor directly on the contractor's pay roll. Article 7. In addition to items of cost noted in Article 5 for which the owner reimburses the contractor, the owner shall pay all costs as follows: (a) materials, supplies, equipment and transportation required for the proper execution of the work; (b) the amounts of all separate contracts. Article 10. All portions of the work that the contractor's organization has not been accustomed to perform or that the owner may direct, shall be executed under separate contracts let by the owner direct. Article 13. The contractor shall, between the first and seventh of each month, deliver to the architect a statement showing in detail and as completely as possible all moneys paid out by him on account of the cost of the work during the previous month for which he is to be reimbursed, with original pay rolls for labor, checked and approved by a person satisfactory to the architect, and all receipted bills, and he shall at the same time submit to the architect a complete statement of all moneys properly due for

materials or on accounts of separate contracts, or on acccount of his fee, or otherwise, which are to be paid direct by the owner under Article 7. Article 14. The architect shall check the contractor's statements of moneys due, called for in Article 13, and shall promptly issue certificates to the owner for all such as he approves, which certificates shall be payable on issuance. Article 15. Should the contractor neglect or refuse to pay, within five days after it falls due, any bill legitimately incurred by him hereunder (and for which he is to be reimbursed under Article 5) the owner, after giving the contractor 24 hours' written notice of his intention to do so, shall have the right to pay such bill directly, in which event such payment shall not, for the purpose either of reimbursement or of calculating the contractor's fee, be included in the cost of the work.

It is evident from the contract that the defendant intended to be liable in the first instance for any debts incurred by McIver for materials and labor used in the proper execution of the work on the house. The defendant testified: "You ask who paid for the materials. Well, I presume that I paid for them, or at least I hope I have paid for them, from all the bills I have paid. It was my understanding that I was to pay for all of the material and labor that went into the construction of that house." The contract did not include, nor did it contemplate, an instance where McIver would contract for material and labor in his own name for the proper construction of the house and for which the owner would not and could not be liable. Code (Ann.) §67-2001(2), which gives an owner a defense against the obtaining of a lien by a laborer or materialman where the owner has obtained a certificate from the contractor or other person at whose instance the work was done that the agreed price or the reasonable value of the material and labor furnished has been paid, contemplates a relationship between the contractor and owner wherein the contractor contracts for material and labor singularly and independently and for which the owner could not not and would not be liable in the first instance. The evidence does not show that, in the execution of the contract, McIver and the defendant pursued a course of dealing inconsistent with the terms of the contract and consistent with a relationship of independent contractor and owner so as to cause a novation of

the contract into one wherein the relationship of contractor and owner as contemplated in Code (Ann.) §67-2001(2) arose between McIver and the defendant. This is evidenced by the fact that, upon the final settlement between McIver and the defendant, McIver turned over to the defendant certain unpaid bills in the name of McIver which the defendant paid to the creditors directly. As Code §67-2001(2) does not apply to cases where the relationship of master and servant or principal and agent exists (*Robinson* v. *Reese*, 175 *Ga.* 574, 580(5), 165 S. E. 744; *Christian* v. *Bremer*, 199 *Ga.* 286(4), 34 S. E. 2d, 40), the charge complained of was not error.

2. As to the general grounds of the motion for a new trial, there was conflicting evidence as to whether the material furnished and labor performed by the plaintiff was suitable for the use intended and in accordance with the specifications as drawn by the architect, and the evidence authorized the verdict.

The court did not err in overruling the amended motion for a new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Sutton, C.J., and Worrill, J., concur.*