**BEN O'CALLAGHAN COMPANY**

v.

**Helen SCHMINCKE et al., Defendants and Third-Party Plaintiffs,**

v.

**Bruce R. DAVIS and Arlen Acquisitions, Inc., a corporation, Third-Party Defendants.**

Civ. A. No. 18811.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 13, 1974.

John M. Sikes of Lipshutz, Macey, Zusmann & Sikes, Atlanta, Ga., for plaintiff.

William H. Major and William B. Brown of Heyman & Sizemore, Atlanta, Ga., for defendants.

George S. Stern of Rose & Stern, Atlanta, Ga., for third-party defendants.

## ORDER

EDENFIELD, Chief Judge.

The plaintiff originally filed this suit in the Superior Court of DeKalb County. The complaint seeks a "special in rem judgment" against a stated piece of real property in the amount of $42,117.50 plus interest at 7% per annum from October 30, 1970. The defendants removed the case to federal court. Both parties have moved for summary judgment and the case has been submitted to this court for a ruling on those motions.

■ ■ In Georgia foreclosure of real property by the holder of a materialman's lien is essentially a four-step process. The claimant must (1) comply with the terms of his contract, (2) file his claim for record within three months of completion of the work, (3) commence an action for the recovery of his claim within twelve months from the time his claim has become due,[1] and (4) institute a proper suit for foreclosure.[2] Although it is not entirely clear from the complaint, the plaintiff apparently regards this suit as an action to foreclose a materialman's lien on real property pursuant to Ga.Code Ann. § 67–2301 (1967).[3] In this action no contention has been made that the plaintiff failed to fulfill either of the first two requirements on which foreclosure of a

---

1. The first three requirements are set forth in Georgia Code § 67–2002 (Supp.1973), which provides in part:

"To make good the liens specified in section 67–2001, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective, viz.:

"1. A substantial compliance by the party claiming the lien with his contract for building, repairing, or improving, . . . or for materials or machinery furnished or set up, as set forth in said section.

"2. The filing for record of his claim of lien within three months after the completion of the work, . . . or within three months after such material or machinery is furnished, in the office of the clerk of the superior court of the county where such property is situated . . . .

"3. The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due. . . ."

2. The method of compliance with this fourth requirement is set forth in Georgia Code § 67–2301 (1967), which provides in part:

"Liens on real property, provided for in this Title, other than mortgages, shall be foreclosed, when not otherwise provided, as follows:

"1. By a compliance with his contract by the person claiming the lien and recording his claim, and the commencement of suit therefor, according to the provisions and requirements of section 67–2002.

"2. In declaring for such debt or claim the claimant of the lien shall set forth his lien, and the premises on which he claims it; and if the lien shall be allowed, the verdict shall set it forth, and the judgment and execution be awarded accordingly. . . ."

3. The plaintiff asserts both that "Plaintiff's instant suit is not for foreclosure of the lien, but for a special judgment establishing a lien," Brief in Support of Plaintiff's Motion for Summary Judgment, p. 5, and that "Ga.Code Ann. § 67–2301 is the basis for this lawsuit." Brief in Support of Plaintiff's Motion for Summary Judgment, p. 6. Georgia Code Ann. § 67–2002 (Supp.1973) sets forth the statutory procedure for establishing a lien. Georgia Code Ann. § 67–2301 (1967) sets forth the procedure for foreclosing on an established lien. As this suit was filed some years after plaintiff's claim became due, plaintiff is clearly untimely in any attempt to establish its lien at this late date under Ga.Code Ann. § 67–2002 (Supp. 1973). See the third requirement at n. 1 supra. The only possible procedure for plaintiff to pursue at this point in time is to claim that the lien is already established and attempt to foreclose on it under Ga.Code Ann. § 67–2301 (1967). The court will therefore proceed on the assumption that that is exactly what plaintiff is attempting to do.

lien is conditioned.[4] The controversy centers around whether or not the plaintiff complied with the requirement of Ga.Code Ann. § 67–2002, ¶ 3 (Supp. 1973) that he institute "an action for the recovery of the amount of his claim within 12 months from the time the same shall become due." This action must be brought against a defendant in direct privity with the plaintiff.[5] This requirement is presumably designed to protect any landowner who is situated as are the defendants in this case. The plaintiff here is a subcontractor who furnished materials and labor used for improvements on real property which the defendants purchased after the improvements had been made and after plaintiff's lien had been recorded. The statute thus insures that the subcontractor will seek compensation from the general contractor before he will be allowed to foreclose on the owner's real property.[6] The general contractor is obviously in the best position to know of and assert any good defenses against the materialman (for instance, that the materialman did not comply with the terms of his contract).

On February 3, 1970, the plaintiff filed a suit styled Ben O'Callaghan Co. v. Security Development & Investment Co., Civil Action No. 310,883 (Civil Court of Fulton County, Georgia). It is conceded that Security Development and Investment Company was the general contractor on the construction project in question and that the suit was filed within twelve months of the time plaintiff's claim became due. The controversy arises from the fact that the suit was upon a note executed by Security Development and Investment Company rather than on the lien and was for the amount

of the note rather than for the amount claimed in the lien. The defendant contends that this suit was not sufficient to fulfill the requirements of § 67–2002, ¶ 3, that as a result the lien has never been properly established under § 67–2002, and that therefore one of the preconditions for foreclosure on the lien under § 67–2301 is lacking. The plaintiff understandably disagrees. For the reasons stated below the court concludes that the defendants' position is correct.

■ After extensive research the court has concluded that this precise question has never been decided by the Georgia appellate courts. All of the reported cases appear to be either suits directly on liens or suits on an open account between the subcontractor and the general contractor or owner. One case contains dicta that is in point:

" . . . The function of a foreclosure suit is not to establish for the first time when and what materials were furnished for a particular job. It is not a suit in personam, when the contractor is not a party and the purpose is merely to absolutely establish a special lien against the property involved, and no general verdict and judgment can be obtained therein against the owner. Ryals v. Smith, 102 Ga. 768, 29 S.E. 968; Langley v. Simmons, 143 Ga. 699, 85 S.E. 832; Griffin Bros. v. Gainesville Iron Works, 144 Ga. 840(1), 88 S.E. 201; Middle Georgia Lumber Co. v. Hunt, 53 Ga.App. 578, 580, 186 S.E. 714. Although the initial suit against the contractor is in personam, the foreclosure suit against the owner is strictly in rem. Buck v. Tifton Mfg. Co., 4 Ga.App. 695, 696, 62 S.E. 107, citing. *It is in the antecedent suit against the*

---

4. *See* n. 1 *supra.*

5. In the normal case this will require the subcontractor to sue the general contractor. This requirement of privity can be drawn from the statute only by the negative inference that the enumeration of certain instances in which the contractor need not be sued, gives rise to the necessary implication that he must be sued in all other circum-

stances. This negative inference has consistently been drawn by the Georgia courts. Eubank v. Barber-Colman Co., 115 Ga.App. 217, 219, 154 S.E.2d 638, 641 (1967).

6. If the materialman is in direct privity with the owner he will be allowed to concurrently establish his lien and seek its foreclosure in one action.

*contractor that the adjudication is made as to items furnished and the amount due with respect to a particular contract.* As to the contractor the obligation is primary; as to the owner it is collateral only and conditioned on the recording by the materialman of a claim of lien within the statutory period." Chambers Lumber Co. v. Gilmer, 60 Ga.App. 832, 835, 5 S. E.2d 84, 87 (1939) (emphasis added).

Although this language is dicta it seems wholly consistent with the case law in the area and this court is convinced that it indicates the direction the Georgia courts would take if squarely presented with this issue. The question thus becomes whether the prior suit brought by the plaintiff against the general contractor was a sufficient adjudication of the "items furnished and the amount due" under the lien. This court has not been furnished with the entire record in the prior litigation. The complaint and the final judgment in that suit have been filed as exhibits to the defendants' proposed findings of fact. The complaint is founded entirely upon the personal note and makes no mention whatsoever of the lien or of any contractual relationship between plaintiff and defendant. The judgment is for the exact amount of the note plus interest and attorney's fees. It also allows a set-off for Security Development and Investment Company in the amount of $1,433 for "water treatment system". The court is not informed what this item represents or whether it has any connection to the current controversy. Thus Ben O'Callaghan Co. v. Security Development & Investment Co., Civil Action No. 310,883 (Civil Court of Fulton County, Georgia) appears to have been a suit in which plaintiff successfully sought judgment on a personal note but it apparently does not constitute a judicial determination of the amount which was owed on the materialman's account and which therefore formed a potential basis for

foreclosure on the property of the defendants in this suit. In the opinion of this court that suit did not constitute "an action for the recovery of [plaintiff's] claim" within the meaning of Ga. Code Ann. § 67–2002, ¶ 3 (Supp.1973), the lien has not been judicially established, the plaintiff has not complied with the requirements of Ga.Code Ann. § 67–2301 (1967), and thus the lien cannot properly be enforced against the real property owners who are the defendants in this suit.

■■ The plaintiff argues that the Georgia code provides no special form for the plaintiff's suit on its claim against the contractor. The court agrees with this contention and further agrees that the prior suit need not be explicitly based on the lien and may be a suit on open account. However, as this court views the matter the suit must be a suit on the claim which is the subject of the lien.[7] A suit based only on a related personal note simply will not suffice. In a suit on a personal note it is not necessary to prove that the prerequisites for establishing a lien under Ga. Code Ann. § 67–2002 (Supp.1973) are present. It seems clear that one reason for this requirement of a prior suit is that most of the defenses to the lien (*i. e.*, the materialman has not complied with his contract) can best be presented by the contractor with his direct knowledge of the transactions in question rather than by the relatively uninformed owner. Thus although the suit required by § 67–2002, ¶ 3, can take any form which will give "a legitimate basis for calculation of a particular sum which the lienor is entitled to foreclose",[8] a suit on a personal note does not provide such a basis. Proof of the personal note gives no basis for a determination of what amount, if any, of the note is attributable to the defendant's property. Thus the court concludes that the plaintiff did not commence a suit on its lien "according to the provisions and re-

---

7. The recently published Encyclopedia of Georgia Law is in accord with this conclusion. *See* 20 E.G.L. Liens, §§ 96–98, 165 (1971).

8. Jackson's Mill & Lumber Co. v. Holliday, 108 Ga.App. 663, 665, 134 S.E.2d 563, 565 (1963).

quirements of section 67–2002." This in turn leads to the further conclusion that one of the conditions precedent to foreclosing a lien under Ga.Code Ann. § 67–2301 (1967) is absent,[9] and that the plaintiff cannot prevail in this suit. This is the only conclusion of law or fact necessary to dispose of the motions for summary judgment. Accordingly, the plaintiff's motion for summary judgment is denied and the defendants' motion for summary judgment is granted.

The third-party complaint filed by the defendants in this case seeks to recover from the third-party defendants only in the event that the plaintiff is held to be entitled to recover from the defendants. As this order grants summary judgment for the defendants, the dispute between the defendants as third-party plaintiffs and the third-party defendants is now moot and the third-party complaint must be dismissed as moot.

---

9. The defendants also contended that the suit intended to satisfy the requirements of § 67–2002 can contain no surplusage and must be exclusively concerned with the work which is the subject of the lien. Although it is not necessary to the decision of this case, the court would note that it is unconvinced by this reasoning. In the court's opinion if the plaintiff's prior suit had resulted in some determination of the amount which the general contractor owed plaintiff for materials and labor supplied to the defendants' property, the fact that interest and attorney's fees were also sought and recovered would not require judgment for the defendants in this foreclosure suit although, of course, no judgment for these items could be awarded against defendants' property.