## A92A0788. SOUTHERN CONCRETE CONSTRUCTION COMPANY, INC. v. HALL et al.

### (422 SE2d 663)

SOGNIER, Chief Judge.

Southern Concrete Construction Company, Inc. brought suit against the general contractor to whom Southern Concrete supplied materials and against Robert and Rheda Hall, the owners of the improved property, to recover damages against the general contractor and to enforce its materialman's lien against the Halls' property pursuant to OCGA § 44-14-361.1 (a) (4). After granting summary judgment in favor of Southern Concrete against the general contractor (a ruling not challenged in this appeal), the trial court granted the Halls' motion to dismiss and cancelled Southern Concrete's materialman's lien on the basis that the lien had been dissolved pursuant to OCGA § 44-14-361.2. Southern Concrete appeals.

OCGA § 44-14-361.2 (a) provides in pertinent part that the materialman's lien shall be dissolved if the owners show that they "have obtained the sworn written statement of the contractor . . . at whose instance the labor, services, or materials were furnished . . . that the agreed price or reasonable value of the labor, services, or materials have been paid or waived," id. at (2) (A), when, inter alia, no valid preliminary notice or claim of lien was of record at the time the sworn written statement was obtained at final disbursement of the contract price by the owners to the contractor. Id. at (2) (B) (iii). The evidence is uncontroverted that appellant supplied materials for the construction of a batting cage on appellees' property. Upon receiving final disbursement from appellees of the contract price for the improvement, but prior to appellant filing its lien, the general contractor handwrote and signed the following on the original proposal sheet: "This contract is now complete & paid in full by check #7110 dated 4/6/89. It is herewith certified that there are no outstanding bills or l[ie]ns against this job."

The trial court dismissed appellant's claim against appellees' property on the basis that the language in the statement executed by the general contractor for appellees was in substantial compliance with the provisions of OCGA § 44-14-361.2. See *Dixie Concrete Svcs. v. Life Ins. Co. of Ga.*, 174 Ga. App. 866 (331 SE2d 889) (1985). While we agree with the trial court that our lien laws and procedures, being in derogation of the common law, must be construed against creditors such as appellant and in favor of debtors such as appellees, id., we cannot ignore the plain and unambiguous requirement set forth in OCGA § 44-14-361.2 (a) (2) (A) that the general contractor's language constitutes a *"sworn* written statement." (Emphasis supplied.) This language has consistently been interpreted to require an affidavit in opinions construing both the current statute and the predecessor stat-

utes to OCGA § 44-14-361.2, which required the owner to produce only "the sworn statement of the contractor." Former OCGA § 44-14-361 (b), amended by Ga. L. 1983, p. 1450, § 1. Under OCGA § 44-14-361.2, see *Balest v. Simmons*, 201 Ga. App. 605, 607 (1) (a) (411 SE2d 576) (1991) ("[w]e conclude the proper construction of paragraph (2) of OCGA § 44-14-361.2 (a) is that a contractor's affidavit will dissolve a lien"); *Star Mfg. v. Edenfield*, 191 Ga. App. 665, 666-667 (2) (382 SE2d 706) (1989) (affidavit, dated and sworn to on date of receipt of final payment, held sufficient to dissolve lien); *Walk Softly, Inc. v. Hyzer*, 188 Ga. App. 230 (372 SE2d 500) (1988) (notarized affidavit regular on its face fulfills statutory requirement if owner unaware of irregularities in affidavit's execution, overruling *Chambers Lumber Co. v. Hagan*, 118 Ga. App. 392 (163 SE2d 847) (1968)). Under former OCGA § 44-14-361 (b) (Ga. Code Ann. § 67-2001 (2)), see *Mass Bonding Co. v. Realty Trust Co.*, 142 Ga. 499, 503-504 (2) (83 SE 210) (1914) (predecessor statute contemplated "[o]nly one affidavit by a contractor," id. at 503 (2)); *Gignilliat v. West Lumber Co.*, 80 Ga. App. 652, 654 (56 SE2d 841) (1949) (under predecessor statute, "when the owner produces the affidavit of the contractor in compliance with such statute . . . the materialman's claim against the owner by command of the statute cannot be perfected into a lien upon the property of the owner"). See also *Carl E. Jones Dev. v. Wilson*, 149 Ga. App. 679, 681 (1) (255 SE2d 135) (1979) (contractor who executes an affidavit containing the statutory sworn statement is subject to prosecution for the crime of false swearing under OCGA § 16-10-71 (Code Ann. § 26-2402)).

We do not agree with appellees that *Fitts v. Addis*, 83 Ga. App. 696 (64 SE2d 466) (1951) supports a contrary result. In that case we agreed with the trial court that the predecessor statute to OCGA § 44-14-361.2 did not apply because under the facts adduced, the alleged independent contractor was actually only a servant of the owner of the improved property. In paraphrasing the language of the statute, this court referred to the required sworn statement as "a certificate." Id. at 698. Given that *Fitts* expressly describes the statement proffered into evidence by the owner from the alleged contractor as an "affidavit," id. at 696, we find nothing in *Fitts* to support appellees' claim that an unsworn statement designated as "certified" meets the requirements of OCGA § 44-14-361.2 (a) (2) (A).

Therefore, because the general contractor's written statement in the case sub judice was not sworn, it failed to meet the requirements of OCGA § 44-14-361.2 and thus was not sufficient to dissolve appellant's lien. Accordingly, the trial court erred by granting appellees' motion to dismiss and cancelling appellant's materialman's lien.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

Decided September 8, 1992 —
Reconsideration denied September 23, 1992.

*C. Nathan Davis*, for appellant.
*Robert H. Revell, Jr.*, for appellees.