### GIBSON *v.* NEEDHAM.

1. A parol agreement by the owner of premises with another person, to the effect that the former would, at a future time, rent the premises to the latter for a given term at a reasonable price, to be agreed upon by the parties, and for which promissory notes were to be executed and delivered, did not constitute a present contract of rental, but was merely an executory agreement to make such a contract in the future.
2. It not appearing in the present case, under any view of the evidence, that anything more than a mere executory agreement to rent (as distinguished from a contract of actual rental) was ever made between the plaintiff and the defendant, the latter had no right, as against the former, to the possession of the premises for the contemplated term; and consequently, irrespective of alleged errors committed at the trial, the verdict was right and ought not to be disturbed.

*April 29, 1895.  Brought forward from the last term.*

Dispossessory warrant.  Before Judge BUTT.  Muscogee superior court.  May term, 1894.

BRANNON, HATCHER & MARTIN, for plaintiff in error.
LITTLE & WIMBISH and B. H. CRAWFORD, *contra.*

LUMPKIN, Justice.

On October 1st, 1890, a warrant was issued upon an affidavit made by Needham to dispossess Gibson, as a tenant holding over, of certain premises in the city of Columbus.  By counter-affidavit, Gibson alleged that he was not holding possession beyond his term.  Upon the issue thus made, there was a verdict for the plaintiff, and Gibson made a motion for a new trial, which was

overruled, and he excepted. The motion contained quite a number of grounds, which, however, we will not discuss; but will simply undertake to show that upon the substantial merits of the case, the verdict was undoubtedly right.

Taking that version of the evidence most favorable to the defendant, the following, in brief, appeared: Needham had rented the property in dispute to one Newman for the year beginning October 1st, 1889, and ending September 30th, 1890. Newman occupied the premises several months, and then sublet the same to a man from Opelika, who in turn sublet to one Summerlin, and the latter to Gibson, who went into possession in the spring or summer of 1890, having previously bought out a retail liquor business conducted by Summerlin upon the premises. Before doing so, he had notified the plaintiff that he contemplated buying Summerlin's business, but did not wish to do so unless he could get the house for another year from October, 1890; to which Needham replied: "All right, you shall have it; go ahead and buy him out. I would be glad to get rid of him." Gibson asked Needham what rent he would charge, and the latter replied: "You can have it at a reasonable rent." Gibson then offered to give Needham his notes for the rent, but Needham replied there was plenty of time to do that. Upon the faith of what thus passed between himself and Needham, Gibson bought out Summerlin and went into possession. Several times after this, Gibson undertook, directly and indirectly, to close the trade with Needham by executing and delivering notes for the rent. On one occasion, Needham told him he could have the place at $40.00 or $45.00 per month— "just a reasonable rent." Neither of them ever decided upon the price, though it was the understanding between them that the amount would be agreed upon later. The contract between these parties as to a rental

of the property for any term after October 1st, 1890, never approached any nearer to consummation than as above stated. In point of fact, Needham rented the property to another party for a term to begin on that day, and the contemplated contract between himself and Gibson was never closed.

We do not think, under the facts above set forth, that an actual contract of rental was made between Needham and Gibson. What occurred amounted, at most, merely to an executory agreement to make such a contract in the future. Whether or not Needham would be liable in damages to Gibson for a violation of such agreement, is not now before us for determination. We simply hold that Gibson had no right, as against Needham, to retain possession of the premises after the 1st day of October, 1890; and consequently, he could not lawfully resist the execution of the dispossessory warrant. There is a wide difference between an actual contract and an executory agreement to make a contract. The distinction between the two is very clearly pointed out in the somewhat similar case of *Weed* v. *Lindsay & Morgan*, 88 *Ga.* 686, which case, in principle, controls the case at bar.

*Judgment affirmed.*