BYROM, guardian, *v.* GUNN *et al.*, and *vice versa.*

FISH, J. 1. There was no error, in the trial of a case in which both sides had filed exceptions to an auditor's report, in allowing the opening and conclusion of the argument to that party against whom the report as a whole bore the more heavily and against whom a judgment in effect overruling

such party's most important exceptions would have resulted from a general approval of the report.

2. Exceptions of fact to the report of an auditor appointed in an equity case are not to be passed upon by a jury, unless approved by the court, and its discretion in refusing to approve such exceptions will not, unless, manifestly abused, be controlled by the Supreme Court.

3. Where a guardian received and managed the ward's entire estate, and though nominally succeeded by his wife in the trust, did not surrender to her any of the ward's property, but continued to hold and control all of the same exactly as if no change in the guardianship had taken place, having in fact procured his wife's appointment for unlawful purposes of his own, without regard to the ward's interest or welfare, so that, from the beginning until the appointment of a successor to his wife in the guardianship, he was practically, though not so all the while in name, the real guardian, he was, in a final accounting with the wife's successor, chargeable with interest upon the basis prescribed in section 3498 of the Civil Code.

4. It has at any time since the passage of the "married woman's law of 1866" been lawful to appoint a married woman guardian either of her own child or of another person. Where, however, such a woman who had been appointed guardian of a lunatic, as the successor of her husband, could not be held liable as such guardian, because she had, at the instance of a next friend of the ward, been removed from the guardianship on the ground that her original appointment was void, she could not, in defense to an action against herself and her husband for an account and settlement and for subjecting to the ward's claim property held by her but paid for in part with the ward's funds, lawfully complain of the husband's being charged with compound interest under the section above cited, or of the making of a judgment against him embracing such interest expressly binding upon such property, if the same was in other respects subject.

5. Where a husband mingled funds of his own, funds belonging to his wife, and funds belonging to a ward, and indiscriminately used the same in divers real estate transactions, in the course of which he made numerous purchases, sales and reinvestments, sometimes taking title to property thus bought in his own name and at other times in his name as trustee for the wife, and where as an outcome of all these operations it finally resulted that she obtained against him, in an equitable proceeding in which the ward was not represented, a judgment establishing in the wife, as against the husband, the title to a considerable amount of realty consisting of various separate parcels, titles to which he had taken in both of the ways above indicated and into which, as a whole, the funds of the ward were traceable, though it was impossible to ascertain how much of any of the three funds went into any particular parcel; and where in the above mentioned transactions, which took place prior to the rendition of such judgment, the husband was acting as agent for the wife and he and she collusively procured that judgment to be rendered for the purpose of hindering, delaying, or defrauding his creditors, — *Held:* ( *a* ) That the act of the husband in intermingling the various funds referred to was, in law, the act of the wife so far as concerned the rights of the ward. ( *b* )

That such judgment, though binding and conclusive between the husband and wife, was not so as to the ward. ( c ) That under the facts recited, all of the property covered by such judgment, including not only that to which the husband took titles in his own name, but also that to which he took titles as trustee for his wife, could lawfully be subjected to the satisfaction of the ward's claim against him, in so far as the same rested upon the misappropriation of the ward's money in the manner above stated.

6. It appearing in the present case that the husband, as former guardian, was liable to the ward, not only for money used as indicated in the preceding note, but also because of a devastavit in failing, as such guardian, to collect money due the ward, there was not, in view of the auditor's findings of fact as approved by the court, any error in adjudging that the property which he had purchased with the intermingled funds, and to which he had taken titles in his own name, was subject to the satisfaction of the ward's claim arising from such devastavit, as well as that founded upon the misuse of the ward's funds; but the property to which the former guardian took titles as trustee should also have been adjudged subject to the satisfaction of the claim arising from such misuse. There was no error in providing, in the judgment rendered, for a subrogation of the wife, in the contingency therein stated, to the right of the present guardian to receive any sum hereafter collected upon the claim which the former guardian had failed to collect.

7. This case, upon its substantial merits, is controlled by what is above laid down ; and while some errors were committed both by the auditor and the trial judge, none of them require special notice, or are of any material consequence, save those on the part of the judge, which are corrected by directions given in the judgment herein rendered.

*Judgment on main bill of exceptions affirmed, with directions ; on cross-bill affirmed. All the Justices concurring.*

Argued February 22, — Decided June 9, 1897.

Exceptions to auditor's report.    Before Judge Felton.    Bibb superior court.    November term, 1895.

*Gustin, Guerry & Hall* and *J. M. DuPree*, for plaintiff.
*Hill, Harris & Birch* and *L. D. Moore*, for defendants.