ANDREWS, trustee, etc., *v.* STULB & VORHAUER *et al.*

PER CURIAM. There is a distinction between a present lease and an executory contract to make a lease in the future. Whether a contract contained in a written instrument, or in letters between the parties, is of the one character or the other depends upon the intention of the parties. This intention is primarily to be drawn from the writing itself; and if the written contract clearly and unambiguously shows the intention of the parties to be of the one character or of the other, it is conclusive. But if the written contract is ambiguous or so lacking in clearness as to be open to construction by the aid of circumstances, such circumstances, including the construction placed upon such contract by the parties very shortly after it was made, may be proved to aid in its correct interpretation, but not to add to or take from the writing, if the latter is in itself complete. *Weed* v. *Lindsay,* 88 *Ga.* 686 (15 S. E. 836, 20 L. R. A. 33); *Gibson* v. *Needham,* 96 *Ga.* 172 (22 S. E. 702); *Morse* v. *Southern Ry. Co.,* 102 *Ga.* 312 (29 S. E. 865); 18 Am. & Eng. Enc. Law, 598, 599; 1 Underhill on Landlord and Tenant, 246, § 177 et seq.; Civil Code (1910), § 4268 (1).

2. An owner of improved real estate wrote to a real-estate agent a letter containing the following language: "Referring to conversation of this morning, and in consideration of the sum of five dollars, the receipt

of which is hereby acknowledged, I desire to state to you that I will lease to you my property situated at the corner of Jackson and Broad streets, Augusta, Ga., covering a plot approximately 33 x 200 feet, on a long-term lease, for the sum of six thousand three hundred ($6300) dollars annually for the first ten years, and then additional two periods of ten years each, at an increase of 10% for each period of 10 years. It is understood that this rental is to be net to me, that you are to pay all taxes, assessments, and insurance, and the rental to be paid quarterly in advance, and to take effect, if accepted by you, beginning on or before the expiration of the present leases, which expire October 1st, 1915. It is understood that I am to pay no commission whatever; and I will close with you on the above terms, if accepted by you within ten days from date." Within ten days from the date of this letter the addressee replied in the following language: "In conformity with your proposition to me under date of May 18, 1912, relative to leasing your property here, situated at the corner of Broad and Jackson streets, to take effect at the expiration of the present leases, the same is hereby closed and accepted." At a later date the person to whom the original letter was addressed, and who thus responded, for a valuable consideration transferred and assigned all of his rights under the contract so made to a third person. The owner of the property entered into a contract of lease with other parties. The assignee of the contract first mentioned was adjudicated a bankrupt. The trustee in bankruptcy claimed that under the contract between the property owner and the bankrupt a leasehold estate was vested in the bankrupt, and thus passed to the trustee; and he sought to obtain an injunction predicated upon that contention. *Held*, that the contract between the property owner and the bankrupt was not so clearly a lease, rather than an agreement to make a lease, as to render inadmissible evidence of the circumstances, including letters passing between the parties subsequently to the making of such contract, not for the purpose of adding to or taking from the terms of the written contract, but for the purpose of aiding in its proper construction and in arriving at the intent of the parties.

3. While, on the hearing of an application for an interlocutory injunction, the presiding judge can not make a final adjudication of any question of fact, but can pass on the evidence only so far as to decide the question of the grant or refusal of such interlocutory injunction, under the pleadings and evidence in this case there was no error in admitting evidence of the circumstances attending the making of the contract in question, for the purpose of aiding in its construction; nor was there error in refusing to grant the interlocutory injunction prayed.

*Judgment affirmed. By five Justices, all concurring.*

SEPTEMBER 14, 1916.

Petition for injunction. Before Judge Hammond. Richmond superior court. September 24, 1915.

*W. K. Miller* and *C. Henry Cohen*, for plaintiff.

*Callaway & Howard*, for defendants.