ALLEN *et al.* v. DAVIS *et al.; et vice versa.*

BELL, Presiding Justice. 1. Where a contract between a contractor and the Board of Regents of the University System of Georgia, for the construction of buildings to be paid for in part with Federal funds granted through the Public Works Administration, was made subject to wage scales promulgated by such Federal agency, including definitions as follows: "Carpenters—skilled journeymen, who are customarily required to furnish their own tools of the craft, and who are entitled to receive the skilled wage rate; carpenters' assistants——semi-skilled workmen, who are not customarily required to furnish their own tools, and shall not be required to furnish them on PWA projects:" *held,* that on a reasonable construction of these provisions the clauses as to furnishing tools would not convert a semi-skilled workman into a skilled journeyman, with the right to be classified and paid as a carpenter, merely because he might have been required by the contractor to furnish tools; and even if it might have constituted a violation of the contract, remediable in some manner, for the contractor to require a semi-skilled workman to furnish the tools of his trade, it would not entitle the workman to the wage rate of a skilled carpenter or journeyman, where he was not otherwise entitled to such classification and did not perform the services of one properly so classified.

2. Where the regulations pertaining to the wage scales further provided that carpenters' assistants and semi-skilled workmen shall include "workmen who, even though they may be competent to perform skilled work, are employed for, and permitted to do, only the work normally required of semi-skilled craftsmen, [and that] such workmen are entitled to receive the semi-skilled wage rate," a carpenter or skilled journeyman would not be entitled to the skilled wage rate merely by reason of his skill or competency, but would be subject to the wages of carpenters' assistants or semi-skilled workmen, where they were actually employed for and permitted to do only the work normally required of semi-skilled workmen.

3. Under the evidence, the auditor was authorized to find that "A carpenter's assistant, or carpenter's helper, is one who can do the work

of carpentry, use all the tools of the trade, except he can not do it as proficiently as a carpenter, because of his lack of experience, or skill, his age, or other reason." Nor was the finding to this effect contrary to the terms of the written contract, as stated in the preceding notes. The contract did not purport to cover the matter embraced in this finding, and there was no inconsistency between them. *Forsyth Manufacturing Co.* v. *Castlen,* 112 *Ga.* 199 (6) (37 S. E. 485, 81 Am. St. R. 28) ; *Pryor* v. *Ludden & Bales Southern Music House,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267) ; *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954).

4. The provision in the contract between the contractor and the Board of Regents as "owner," that, "Unless otherwise provided by law, claims or disputes pertaining to the classification of labor under this contract shall be decided by the owner, subject to the right of final review by the State director, whose decision shall be binding on all parties concerned," would not under its terms operate to make the decision of the State director of the Public Works Administration final and binding on any of the parties, unless a claim or dispute had been first decided by the owner and the decision of the State director was then made upon a review of the owner's decision. Under this ruling as applied to the record, the findings and conclusions of the State director, based on original and independent investigation, did not constitute evidence in behalf of the plaintiffs as to the rights claimed in their petition; and the findings of the auditor were not contrary to law or to the evidence merely because they did not follow or adopt such findings of the State director. See *State Highway Department* v. *Mac-Dougald Construction Co.,* 189 *Ga.* 490 (2) (6 S. E. 2d, 570, 137 A. L. R. 520).

5. This court will not control the discretion of the trial judge in overruling exceptions of fact to an auditor's report in an equity case, unless there was no evidence to support the auditor's findings. Code, § 10-402; *Byrom* v. *Gunn,* 102 *Ga.* 565 (2) (31 S. E. 560) ; *Fowler* v. *Davis,* 120 *Ga.* 442 (2) (47 S. E. 951) ; *Regal Textile Co.* v. *Feil,* 189 *Ga.* 581 (4) (6 S. E. 2d, 908).

6. "It is not improper for an auditor to file an alternative report, in which, after setting forth his own conclusions of law and fact, he further reports that if it should be adjudicated that he erred in certain specified particulars, such and such results would follow." *Hudson* v. *Hudson,* 98 *Ga.* 147 (5) (26 S. E. 482) ; *Borders* v. *Vance,* 134 *Ga.* 85 (2) (67 S. E. 543) ; *Griffith* v. *Moore,* 185 *Ga.* 120 (2) (194 S. E. 551).

7. "Where some of the findings of fact by an auditor are sufficient to support a judgment or decree in favor of one of the parties, and are not themselves subject to exceptions taken, a judgment founded thereon in favor of such party should not be disturbed by this court, notwithstanding other findings both of fact and of law may have been subject to exception." *Robinson* v. *Reese,* 175 *Ga.* 574 (6) (165 S. E. 744) ; *Barber* v. *Southern Service Corporation,* 182 *Ga.* 124, 130 (185 S. E. 93) ; *Callan Court Co.* v. *Citizens & Southern National Bank,* 184 *Ga.* 88 (4), 132 (190 S. E. 831) ; *McCrea* v. *Georgia Power Co.,* 187 *Ga.* 708, 709-710 (1 S. E. 2d, 664).

8. In the instant equity case, in which a number of workmen sought to

recover of the contractor differences between sums paid to them and amounts which it was claimed they should have received under the wage scales promulgated by the Public Works Administration, and in which the issues were referred to an auditor, *held*, that in so far as the auditor found that named plaintiffs were properly classified and were paid in full for the type and character of the work performed by them, in accordance with their true classifications and the governing wage scales, his findings were authorized by the evidence, and the judge did not err in overruling the plaintiffs' exceptions of fact as to these findings. Nor can it be said as a matter of law that the auditor's findings against the remaining workmen on the various issues presented were contrary to the evidence or without evidence to support them.

9. Whether the auditor was correct in his conclusions of law and of fact as to estoppel, these conclusions were alternative in nature, and did not affect the findings referred to in the preceding note.

10. Under the rulings stated above, the judge did not err in so far as he overruled the plaintiffs' exceptions to the auditor's report, nor was the final decree in favor of the defendants erroneous, as contended. The rulings made are deemed to be in harmony with the authorities cited for the plaintiffs, including the Federal statutes and decisions relied on.

*Judgment affirmed. Writ of error on cross-bill of exceptions dismissed. All the Justices concur.*

Nos. 14305, 14313. NOVEMBER 30, 1942. REHEARING DENIED. DECEMBER 14, 1942.

*W. G. Cornett* and *Carlisle Cobb,* for plaintiffs.

*Rupert A. Brown, Shackelford & Shackelford,* and *Dorsey Davis,* for defendants.