### CLARK v. BANDY; et vice versa.

BELL, Chief Justice. Clark sued Bandy. His petition as amended contained two counts. Count 1 alleged the existence of a partnership between the parties and a repudiation thereof by the defendant, and prayed for an accounting and judgment. Count 2 alleged an executory agreement between the plaintiff and the defendant to form a partnership, a breach by the defendant, and sought an accounting and damages. After the introduction of evidence by the plaintiff, the judge, on motion of the defendant, ordered a nonsuit. The plaintiff excepted, and the judgment was reversed by this court. *Clark v. Bandy*, 196 *Ga.* 546 (27 S. E. 2d, 17). Thereafter, the judge appointed an auditor, to pass upon all questions of law and fact. The auditor, after hearing evidence, made a report finding in the defendant's favor on both counts of the petition. The plaintiff filed exceptions to this report, and the defendant filed a motion to strike the exceptions. The judge overruled the motion to strike, and overruled the plaintiff's exceptions to the auditor's report as related to count 1. The exceptions of fact as to count 2 were "approved and submitted to the jury for the reason," as stated in the order, that in the opinion of the court count 2 was "in law." On the trial of the exceptions last mentioned, the judge, after both sides had introduced evidence before the jury, directed a verdict in favor of the defendant, and entered a final decree accordingly. The plaintiff sued out a bill of exceptions, assigning error on the overruling of his exceptions to the auditor's report as to count 1, on the direction of the verdict in the defendant's favor as to count 2, and on the final decree in favor of the defendant. The defendant, by cross-bill of exceptions, assigned error on the overruling of his motion to strike the plaintiff's exceptions, and on the approval of exceptions to the auditor's report as to count 2, on the theory that this count was "in law." *Held:*

1. In legal effect, the evidence introduced by the plaintiff at the hearing before the auditor was substantially the same as that considered by this court on the previous appearance of the case, although some additional evidence was submitted by the plaintiff at such hearing. See statement in *Clark* v. *Bandy,* supra. The defendant also introduced evidence before the auditor. The evidence as to the existence of the alleged partnership was conflicting, and that in behalf of the defendant was sufficient to authorize the finding of the auditor in the defendant's favor. Consequently, count 1 being a suit in equity, the judge did not abuse his discretion in overruling the exceptions to the auditor's report relating to that count. Code, §§ 37-301, 10-402; *Mitchell* v. *Turner,* 190 *Ga.* 485 (9 S. E. 2d, 621); *Allen* v. *Davis,* 195 *Ga.* 167 (5) (23 S. E. 2d, 665).

2. While, as ruled in the preceding note, the evidence would have authorized a finding in favor of the plaintiff as to count 1, alleging the existence of a partnership and a repudiation thereof by the defendant, there was no evidence that would have supported a finding in his favor as to count 2, based upon an alleged executory agreement to form a partnership and a breach of such agreement; the testimony of the plaintiff himself showing that, if any contract was made, it was one creating an actual partnership as of January 1, 1938, even though he further testified it was understood that later writings would be executed embodying such original oral agreement. An understanding merely to reduce to writing an oral agreement of the nature indicated would not constitute an executory contract to form a partnership in the future, and therefore, under the evidence, the judge did not err in directing the verdict against the plaintiff upon his exceptions to the auditor's report as to count 2. See, in this connection, Code, §§ 75-101, 110-104; *Weed* v. *Lindsay,* 88 *Ga.* 686 (15 S. E. 836, 20 L. R. A. 33); *Andrews* v. *Stulb,* 145 *Ga.* 826 (90 S. E. 59); *Jordan* v. *Cook,* 159 *Ga.* 6 (124 S. E. 686).

(a) The decision by this court in *Clark* v. *Bandy,* supra, reversing the grant of a nonsuit, was not an adjudication that the evidence would have sustained a verdict on both counts. Evidence to sustain either count would have rendered the grant of a nonsuit erroneous, and since a verdict for the plaintiff upon count 2 would not have been authorized, the decision, which did not expressly cover the point, must be construed as holding nothing more than that it was error to grant a nonsuit as to count 1.

3. Under the above rulings, it is unnecessary to determine the questions raised by the cross-bill of exceptions.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. All the Justices concur.*

*R. Carter Pittman, Leon Covington,* and *Barry Wright,* for plaintiff. *Wright, Willingham & Fullbright* and *Mitchell & Mitchell,* for defendant.