## 35865.  HAMBRICK *v.* BEDSOLE.

DECIDED JANUARY 10, 1956.

*D. D. Smith,* for plaintiff in error.
*A. R. Ross, Claude R. Ross, Edwin W. Ross,* contra.

CARLISLE, J. ■ By the terms of the written contract into which Hambrick and Bedsole entered on August 31, 1954, title to the described realty and the described personalty located thereon was not to pass and delivery of possession was not to be made until Bedsole paid the purchase price of $25,000, and Hambrick executed a general warranty deed to the property to Bedsole, who was given until midnight of January 1, 1955, to make payment. The contract was a mere executory agreement to sell and did not constitute a sale. Code § 20-102; *Clark* v. *Wood*, 39 *Ga. App.* 340, 342 (147 S. E. 173), and citations; *Gibson* v. *Needham*, 96 *Ga.* 172 (22 S. E. 702). Bedsole gained by the contract neither title to, nor the right of possession of, either the realty or the personalty located thereon.

By the terms of the written modification agreement into which Hambrick and Bedsole entered on November 2, 1954, it was agreed that a tract of 23 acres of land on which Hambrick's home was located and enumerated items of personalty would be excluded from the operation of the original contract and that this exclusion would reduce the original contract by $5,200; that the remainder of the personalty enumerated in the original contract could be removed from the premises by Bedsole within 30 days from the date of the modification agreement, or by December 2, 1954; that Bedsole could elect to pay Hambrick the sum of $19,800 for the remainder of the realty and personalty, or he could elect to release the remainder of the realty and personalty to Hambrick, either of which elections would be a full discharge of Bedsole's obligations under the original contract.

The effect of the modification agreement was to preclude Bedsole's insisting upon his right to purchase the entire property, a right which he held under the original contract; to exclude the designated portions of the realty and personalty in the modification agreement from the operation of the original contract; to pass title and right of possession to Bedsole to the personalty designated in the modification agreement, if he removed it from the premises by December 2, 1954; and to give Bedsole an option to purchase the remaining realty and personalty for $19,800. The petition alleges that the designated personalty was removed from the premises by Bedsole, with Hambrick's assistance, on November 4 and 5, 1954.

Hambrick contends that there was no consideration for the modification agreement and the personalty was obtained by fraud. With those contentions the court cannot agree.

By the agreement in writing into which they entered on November 2, 1954, the terms of the original contract were modified "to the extent herein stated." The consideration for the modification agreement is recited as follows: "Whereas, it is the desire of Hambrick that a certain part of the realty and personalty described in said contract heretofore made between the parties be excepted from the operation of the said contract, now, in consideration of the granting and conveying by Hambrick to Bedsole of all personalty described in the schedule of said contract heretofore executed between the parties hereto, except that which is hereinafter excepted out to be reserved by said Hambrick, Bedsole hereby releases from the operation of said contract heretofore executed the following described property to be retained by said Hambrick. . ." There follows a description of certain realty and personalty released to Hambrick. The personalty designated in the original contract which was not released to Hambrick constituted the recited consideration for the release of the realty and personalty described in the modification agreement.

"It has . . . been uniformly held that one is not precluded from showing by parol that the real consideration of a contract is in fact different from the one actually recited in the instrument, for the purpose of proving that what is thus shown to be the true consideration has failed [citing cases]. . . The rule just stated is, however, applicable only to contracts in which the consideration is thus stated by way of mere recital; for if it be so expressed as to constitute it one of the terms and conditions of the agreement it is not permissible to set up another and different consideration for the purpose of showing a failure of the latter." *Rheney* v. *Anderson*, 22 *Ga. App.* 417 (96 S. E. 217), the special concurrence of Jenkins, J.

In construing the clause of the modification agreement which we have quoted above, we think the words, "Whereas, it is the desire of Hambrick that a certain part of the realty and personalty described in said contract heretofore made between the parties hereto be excepted from the operation of said contract," are words of recital only, but that the words immediately follow-

ing, "Now, in consideration of the granting and conveying by Hambrick to Bedsole of all personalty described," etc., constitute a term and condition of the modification agreement. Since this is so, Hambrick cannot, under the rule that parol evidence is not admissible to alter or vary the words of a written instrument, plead and prove that the personalty mentioned in the modification agreement was not intended to be the consideration for the release of certain other realty and personalty from the terms of the original contract to sell. This provision of the contract is unambiguous and Hambrick makes no contention in his petition that it is otherwise. A subsequent independent covenant of the modification agreement further releases certain realty and personalty from the provisions of the original executory contract to sell in that it relieves Bedsole of his obligation to buy and gives him an option to purchase, which is, of course, a benefit to Bedsole, but this benefit is not made a specific consideration for Bedsole's entering into the modification agreement, whereas the transfer by Hambrick to Bedsole of the designated personalty is specifically stated to be the consideration for the modification agreement and therefore a term and condition of the agreement independently of whether or not Bedsole elects to purchase the remaining realty and personalty. It cannot, therefore, be said as a matter of law, that the benefit of the option provision accruing to Bedsole constitutes the sole consideration for the modification agreement and that, if he elected not to purchase, he would not be entitled to the personal property in consideration for which he released other realty and personalty from the operation of the original contract, and the plaintiff, Hambrick, cannot in his petition contradict the unambiguous provisions of the modification agreement as he attempts to do.

A further indication that title to the personal property passed to Bedsole is that the original contract, under the terms of the modification agreement, is still in force and effect except as modified; under the original agreement Bedsole had until January 1, 1955, to complete the purchase and receive his deed; under the modification agreement Bedsole had an option to purchase the property, but as no time limit was set for the exercise of the option, the terms of the original agreement requiring that the transaction be completed by January 1, 1955, remained in effect

and Bedsole had until that time within which to exercise the option; however, he had only until December 2, 1954, to remove the personal property conveyed to him in consideration for the modification agreement. It is, therefore, manifest from the agreements that it was not the intention of the parties that Bedsole's title to the personalty was to be dependent upon his purchase of the remaining realty and personalty. Accordingly, the court is of the opinion that title to the personalty, for which the present action of trover is brought, passed to Bedsole, that his possession was lawful, that the consideration for the conveyance was that expressed in the modification agreement; that this consideration did not fail, and that in the absence of fraud, the plaintiff, Hambrick, cannot plead and prove that this was not in fact a valid consideration.

"It may be stated that as a general rule the plaintiff in an action of trover must show title, either general or special in himself at the time of the institution of the suit, actual possession, or right of immediate possession." *Livingston* v. *Epstein-Roberts Co.,* 50 *Ga. App.* 25, 27 (177 S. E. 79), and the numerous cases there cited. The petition showed title, possession, and right of possession in Bedsole at the time of the institution of the present action in trover, and the trial court, consequently, in the absence of any showing of fraud, did not err in sustaining the general demurrer thereto.

■ The petition failed to show fraud such as to void two writings. " 'One having the capacity and opportunity to read a written contract, and who signs it, not under any emergency and whose signature is not obtained by any trick or artifice of the other party, can not afterwards set up fraud in the procurement of his signature to the instrument.' *Truitt-Silvey Hat Co.* v. *Callaway & Truitt,* 130 *Ga.* 637 (61 S. E. 481) ; *Lewis* v. *Foy,* 189 *Ga.* 596 (6 S. E. 2d 788) ." *West* v. *Carolina Housing & Mortgage Corp.,* 211 *Ga.* 789 (89 S. E. 2d 188).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*