### 52947. BEACH v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA.

MARSHALL, Judge.

Appellant Beach, plaintiff below, brings this appeal from the grant of summary judgment in favor of the appellee, First Federal.

The facts, developed by affidavit and deposition, reflect that Beach sought a $35,000 loan commitment from First Federal for the purpose of financing the purchase of and moving of a brick house from a location about three miles from Beach's property onto his property ostensibly with a view toward making it a residence. First Federal issued a loan commitment to Beach on April 20, 1973, valid for 30 days. The commitment required Beach to execute to First Federal a note, a security deed on the property and to provide an insurance policy. A part of the security was the brick house to be moved. The commitment further required that the "security shall continue in the same substantial condition as when appraised by [First Federal] for the loan." The brick house was appraised prior to its move to the new location. The move required the house to be stripped of its brick veneer. Thereafter, it was to be moved to Beach's property, a foundation prepared and the house placed on the foundation in substantially the same condition as when initially appraised. The appraisal itself provided that the

house was to be moved and refinished as shown "or equal."

The house was in fact moved to Beach's property in March, 1973. Because of problems with the foundation or the house mover, the house was not placed upon the foundation until late May or early June of 1973. The brick veneer was not replaced until sometime in 1974. Though there were admitted conversations between agents for First Federal and Beach concerning the closing of the loan in April and June, 1973, no affirmative action was taken by either party to close the loan. Beach did not prepare or offer to First Federal a note, a security deed nor an insurance policy. He did not demand the closing of a loan until December, 1974, at least 18 months after the commitment on its face had expired. The evidence indicates that First Federal considered the commitment canceled prior to the demand made by Beach, and that Beach was aware of their position. As a result of First Federal's refusal to make the loan, Beach had to borrow money from another lender at a higher rate of interest. He sued First Federal for breach of contract (the loan commitment) seeking specific performance of the loan commitment, or alternatively specified damages flowing from the alleged breach.

The trial court granted summary judgment for First Federal and Beach appeals contending that there were unresolved issues of fact. *Held:*

1. When viewed in the context of the factual situation, the terms of the loan commitment and the appraisal required the house to be moved to its new location and placed in substantially the same condition as when appraised. Moreover, the loan commitment called for the procurement and furnishing to First Federal of a note, security deed and insurance policy. Inasmuch as the contract here was plain and unambiguous, its construction was for the court. Code § 20-701.

2. Where two acts are to be done at the same time, as here where First Federal agreed to issue a loan contingent upon Beach maintaining the security in substantially the same condition, and delivering to First Federal a valid, transferable note, security deed and an insurance policy, it was necessary for the party complaining of a breach of that agreement (Beach) to show performance on his part,

or where the acts are to be performed simultaneously, the complaining party must prove a personal request to the other party to perform. *Gulbenkian v. Patcraft Mills,* 104 Ga. App. 102, 105 (121 SE2d 179); *Pusey & Co. v. McElveen Commission Co.,* 93 Ga. 773, 775 (21 SE 150); *Bruce v. Crews,* 39 Ga. 544, 545 (3). In the absence of evidence that Beach performed his part of the contract or made a demand upon First Federal to perform its part within the life of the commitment, there were no factual issues to be submitted to a jury. Beach's failure to perform his material obligations under the contract, as a matter of law, excused performance by First Federal. See *Jinright v. Russell,* 123 Ga. App. 706, 708 (182 SE2d 328).

3. The purpose of the Summary Judgment Act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); *Summer-Minter & Associates v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173). The trial court in this case did not err in granting summary judgment for First Federal.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 13, 1976 — DECIDED JANUARY 5, 1977.

*Grace W. Thomas,* for appellant.
*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellee.