## 62135. JAMES v. MITCHELL et al.

BIRDSONG, Judge.

Viewed under the principle that on motion for summary judgment the evidence is construed most favorably to the respondent, who is the appellant James, the evidence shows the following: James leased a condominium from appellee Brock Associates for a term to end March, 1979. Appellant James obtained in the lease contract a right of first refusal to buy the condominium. This provision provided that if Brock Associates received an offer from another purchaser to buy the condominium, Brock Associates agreed to offer the condominium to James for $32,950. In July, 1978 Brock Associates transferred this condominium and seven others to appellee Ballenger in return for Ballenger's assumption of loans and back payments, and cancellation of $32,000 indebtedness owed by Brock to Ballenger. Brock Associates did not notify appellant James that his leased condominium was being sold and James knew nothing of it until he was advised in writing to make further lease payments to Ballenger and that there would be no changes in the existing lease. However, when James informed Ballenger that he (James) was supposed to have the right of first refusal, Ballenger responded that he would still sell the condominium to James but James would have to put up $1,000 more, otherwise Ballenger would sell it to the first person that would buy it and James and his wife would have to move. James concluded that his lease purchase option had been violated and because his home might be sold out from under him, he decided to look for a new home.

Four months later Ballenger sold the several condominiums to appellee Mitchell. Again appellant James was unaware of the sale until December, when he gave written thirty-day notice that he was moving because his leased condominium had been sold in violation of his contract and he had been informed it would be sold out from under him. In this notice, James instructed Mitchell (who he thought was just the rental agent) to credit his $280 security deposit to December rent. According to James, appellee Mitchell then began harassing James at his home, calling his place of work and threatening to cause James to lose his job if he did not pay January rent. James believed he had been flim-flammed and cheated. He did not want to buy the condominium from Ballenger because of the transactions that had taken place and because Ballenger was demanding more money than James had contracted to pay. When he moved out, James contemplated filing a lawsuit but was dissuaded by the preacher's wife. In January, however, James' lawyer wrote to Brock Associates complaining of the sale to Ballenger in violation of

James' right to purchase; he demanded restitution but not the right to purchase the condominium. In February, appellee Mitchell sued James for December rent in the amount of $291, whereupon James counterclaimed against Brock Associates, Ballenger and Mitchell for damages, for breach of contract and tortious deprivation of his contract rights. The trial court dismissed appellee Mitchell's complaint and granted summary judgment to the appellees on James' counterclaim, on grounds that James had waived any breach of the lease by his own conduct evidencing his repudiation and rescission of the agreement. James appeals. *Held:*

The judgment of the trial court was correct. See *Kelly v. Morris,* 46 Ga. App. 353 (167 SE 716). Regardless of what might seem to be the relative merit of appellant's position, the appellees' breach of the lease provision giving appellant right of first refusal, occasioned no damages to the appellant in any case if he never wanted to buy the condominium or had no interest in it. The record does not disclose that at any time the appellant has expressed an' interest in buying the condominium even at the original price secured to him in the lease agreement. Regardless of the actions of his landlords, the fact is that he did discover the condominium had been sold to others, and (whatever his reasons) made the voluntary choice to abandon his lease and move out rather than insist upon his right to buy at a specified price. A waiver of rights under a contract may be express or implied from acts or conduct. *Midland City Hotel Co. v. Alexander,* 14 Ga. App. 8 (80 SE 24); 17A CJS Contracts, § 492 (1), p. 691. The appellant had at best only an executory contract of sale (Code Ann. § 20-102; see *Hambrick v. Bedsole,* 93 Ga. App. 192, 197 (91 SE2d 205)), and to show a claim for breach of it by the appellees he must show his own readiness and willingness to perform. *Bruce v. Crews,* 39 Ga. 544, 545. See also *Beach v. First Fed. Savings &c. Assn.,* 140 Ga. App. 882, 884 (232 SE2d 158). Otherwise, he would not be entitled to a judgment either for breach of contract or for a tort. See *Beach,* supra, p. 884. See also, *Johnson Ventures v. Barkin,* 141 Ga. App. 810 (234 SE2d 340).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 30, 1981.

*Scott Walters, Jr.,* for appellant.
*James D. Windham,* for appellees.