A03A1515. NGUYEN v. TALISMAN ROSWELL, LLC.
(585 SE2d 911)

BLACKBURN, Presiding Judge.

In this commercial lease dispute, Hong Nguyen, the lessee, appeals the trial court's grant of summary judgment to Talisman Roswell, LLC ("Talisman"), the lessor, contending that Talisman breached the lease by providing less square footage than the lease required. Because the evidence is unequivocal that Nguyen received exactly the amount of space he bargained for under the contract, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evi-

dence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Cotton v. Nations-Bank.*[1]

Viewed in this light, the evidence of record is undisputed that in March 1999, Nguyen wrote a letter to Talisman in which he explicitly expressed an interest in renting "about 800 square feet" of commercial space in Talisman's shopping center for a nail salon. Following this written request, on April 12, 1999, the parties executed a five-year lease agreement commencing on May 1, 1999. Due to a scrivener's error, Section 1.02 of the lease described the premises as "Store Unit 290 indicated in the Site Plan consisting of approximately 1,710 square feet of Gross Leasable Area." In actuality, Store Unit 290 consisted of approximately 876 square feet.

One week later, on April 19, 1999, Talisman informed Nguyen in writing about the clerical error, and included a copy of the relevant page, corrected to show the actual square footage of Store Unit 290. Nguyen did not raise any objections to the clerical error, and he thereafter set up his nail salon in Store Unit 290, paying rent as agreed and voicing no objections about the size of the premises.

More than two years later, in the fall of 2001, Nguyen stopped paying rent and demanded a refund of "overpayments" on the grounds that the rental space was less than what had been described in the lease prior to the correction of the clerical error. Nguyen then sued Talisman for breach of contract and attorney fees, and Talisman counterclaimed for breach of contract, attorney fees, and writ of possession. Thereafter, Nguyen amended his complaint to seek damages for, among other things, wrongful eviction. Talisman moved for summary judgment on all claims, and it is from the grant of that motion that Nguyen appeals.

In support of his claim that Talisman breached the lease, Nguyen contends in his verified complaint that: (1) he informed Talisman that he required *at least* 1,000 square feet and (2) he was never informed of the clerical error in the contract until the fall of 2001, *after* he complained. We note that the complaint is not evidence. Absolutely nothing in the record supports these spurious contentions. To the contrary, the evidence of record clearly shows that Nguyen informed Talisman in writing that he required only about 800 square feet and that the clerical error in the contract was brought to his attention one week after the contract was signed and prior to his occupancy of the premises. And, Nguyen has provided nothing to dispute this evidence, as the record reveals that he neither showed up when subpoenaed for a deposition nor answered the

---

[1] *Cotton v. NationsBank*, 249 Ga. App. 606, 607 (548 SE2d 40) (2001).

defendant's interrogatories. Nguyen now attempts to profit from his noncompliance by arguing that the unsupported contentions in his complaint control this Court's decision. Nguyen has totally failed to come forward with evidence to refute that of Talisman. See *Lau's Corp. v. Haskins.*[2]

"The cardinal rule of [contract] construction is to ascertain the intention of the parties." (Punctuation omitted.) *Southern Airways Co. v. DeKalb County.*[3] "[T]o this end the whole instrument, together with its circumstances, must be considered." (Punctuation omitted.) Id. at 859 (5). In ascertaining that intent, parol evidence may be offered to prove that a written term in a contract was a mistake. *Smith v. Smith;*[4] *First Nat. Bank of Polk County v. Carr.*[5] See OCGA § 24-6-7. Parol evidence is also admissible to explain a latent ambiguity. OCGA § 24-6-3; *Southern Airways Co.*, supra. "This is so despite an 'entire agreement' clause in the contract." *Baker v. Jellibeans, Inc.*[6]

Here, parol evidence offered by Talisman, and the only evidence offered by either party,[7] proves that the term "1,710" was a clerical error that did not reflect the true intentions of the parties. Nguyen's acceptance of the property with knowledge of the correction of the clerical error in the lease bars any claim for damages based on the original erroneous 1,710 feet shown in the lease. Nguyen originally requested about 800 square feet, he was told by Talisman that he would be receiving 800 square feet, and he did, in fact, receive 800 square feet which he leased, without complaint, for over two years. Nguyen got exactly what he bargained for.

When viewing the entire agreement, together with its surrounding circumstances, it is clear that the true intention of the parties was to enter into a lease for a specific property containing between 800 and 900 square feet of space. Talisman did not breach the lease.

Moreover, even if Talisman had breached the lease, Nguyen waived any right to complain of the discrepancy. "A waiver of rights under a contract may be express or implied from acts or conduct." *James v. Mitchell.*[8] When a contract "is continued in spite of a known

---

[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[3] *Southern Airways Co. v. DeKalb County*, 102 Ga. App. 850, 858 (5) (118 SE2d 234) (1960).

[4] *Smith v. Smith*, 223 Ga. 560, 561 (156 SE2d 901) (1967).

[5] *First Nat. Bank of Polk County v. Carr*, 260 Ga. App. 439 (579 SE2d 863) (2003).

[6] *Baker v. Jellibeans, Inc.*, 252 Ga. 458, 459 (1) (314 SE2d 874) (1984).

[7] Nguyen's verified answer to Talisman's counterclaim does not constitute evidence, because it fails to set forth specific facts, *Five Star Steel Constr. v. Klockner Namasco Corp.*, 240 Ga. App. 736, 738 (524 SE2d 783) (1999), and is verified only to the best of Nguyen's knowledge and information. *Computer Maintenance Corp. v. Tilley*, 172 Ga. App. 220, 223 (322 SE2d 533) (1984). Nguyen also failed to respond to Talisman's discovery requests.

[8] *James v. Mitchell*, 159 Ga. App. 761, 762 (285 SE2d 222) (1981).

excuse, the defense thereupon is lost and the injured party is himself liable if he subsequently fails to perform." (Punctuation omitted.) *Southern Sav. Bank v. Dickey*.[9] Here, Talisman's evidence, together with Nguyen's own pleadings, show that Nguyen knowingly waived any defect in Talisman's performance of the lease by failing to object to notice of the correct square footage and then remaining on the premises for more than two years without complaint. See *Flair Fashions v. SW CR Eisenhower Drive*[10] (lessee of commercial space in shopping center waived claim that lessor breached lease by renting to nonconforming tenants, when lessee occupied premises for two years and offered no evidence of how he was unaware of the breach).

Because Nguyen has failed to create an issue of fact regarding whether Talisman breached the lease or whether Nguyen waived the alleged breach, the trial court correctly granted Talisman's motion for summary judgment on Nguyen's breach of contract claim. To the extent Nguyen contends that the trial court erred in granting summary judgment on Nguyen's other claims and Talisman's counterclaims, Nguyen has failed to present argument or citation of authority regarding them, and therefore we will not address them. *Smith v. Lewis*.[11] See Court of Appeals Rule 27 (c).

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JULY 22, 2003.

*David J. Merbaum, Kevin S. Dale*, for appellant.
*Hartman, Simons, Spielman & Wood, Kristen A. Yadlosky*, for appellee.

---

[9] *Southern Sav. Bank v. Dickey,* 58 Ga. App. 718, 722 (199 SE 546) (1938).
[10] *Flair Fashions v. SW CR Eisenhower Drive*, 207 Ga. App. 78, 79 (427 SE2d 56) (1993).
[11] *Smith v. Lewis*, 259 Ga. App. 548, 549 (578 SE2d 220) (2003).